■ ADRIAN VIELHAUER et al., Appellants, v DICK CORPORA-TION, Respondent. [637 NYS2d 528] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered March 1, 1994 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On January 12, 1988, plaintiff Adrian Vielhauer (hereinafter Vielhauer), an electrician employed by Matco Electric, sustained a serious eye injury while working at a construction site for the State Riverview Correctional Facility in St. Lawrence County. The accident occurred when, while Vielhauer was working at ground level, a piece of steel allegedly flew from the machine he was using to cut and fasten electrical conduit and went into his eye. At the time of the accident, defendant was serving as one of several contractors at the site and defendant's contracted responsibility was for civil and interior work for the project. There was no contract between Vielhauer's employer and defendant and all contractors reported to the construction manager at the site. Ultimately, Vielhauer and his wife commenced this action against defendant alleging, *inter alia*, negligence and Labor Law violations for defendant's failure to provide a safe place to work and proper safety equipment such as safety goggles. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, principally on the ground that defendant had no duty to provide safety equipment to Vielhauer. Supreme Court granted this motion and plaintiffs now appeal.

We affirm. To prevail on a summary judgment motion, it is incumbent upon the moving party to tender evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor (*see*, CPLR 3212 [b]). Once this requirement is satisfied, the opposing party must then submit proof in admissible form sufficient to create an arguable question of fact requiring a trial (*ibid.*; *see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Heffernan v Colonie Country Club*, 160 AD2d 1062). Here, in response to plaintiffs' motion for summary judgment, defendant submitted proof in admissible form establishing that it was not a general contractor for the project and therefore could not be liable for the injuries sustained by Vielhauer on the job. In response to this proof, plaintiffs submitted only conclusory and hearsay evidence that defendant was a general contractor or that it had any control or responsibility for providing safety equipment to Matco's electrical workers. Plaintiffs failed to raise a question

of fact requiring resolution by trial. Accordingly, the complaint was properly dismissed (*see, Iveson v Sweet Assocs.*, 203 AD2d 741, 742; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642).

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.