■ ORLANDO RIVERA, JR., et al., Appellants, v OUR LADY OF KNOX ROMAN CATHOLIC CHURCH et al., Respondents. [602 NYS2d 725] —Weiss, P. J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 20, 1992 in Greene County, which granted defendants' motion for summary judgment dismissing the complaint.

On February 9, 1989, plaintiff Orlando Rivera, Jr. sustained personal injuries when he fell approximately six feet from a scaffold to the ground. He was an inmate at Greene Correctional Facility in Greene County assigned to a work detail at defendant Our Lady of Knox Roman Catholic Church and has no recollection of any of the events surrounding the accident. The fall was observed by a clergyman, Father Jeremiah Nunan, who when deposed testified that Rivera fell head first and made no effort to protect himself or to break the fall. Following completion of discovery, defendants moved for summary judgment by establishing a prima facie case as to the adequacy of the scaffold, safety of the work site, and that defendants exercised no control or supervision of the construction project.

Plaintiffs predicated their opposition to the motion solely upon their need to depose two witnesses who had observed the accident. As aptly stated by defendants, plaintiffs knew the identity of the witnesses at all times. One of those witnesses was Correction Officer Frank Anatovich, who oversaw the work detail and remained available for a deposition at Greene Correctional Facility. No effort was made to depose Anatovich or the other witness, Pat Gordon, another inmate. Plaintiffs' only effort to contact Gordon was a telephone call to the State Division of Parole on May 14, 1991. Although plaintiffs' attorney was informed that Gordon's address would be available upon receipt of a court order, no such order was ever sought. In sum, plaintiffs made no more than a minimal token effort to locate the witnesses during the two-year pendency of the case.

A motion for summary judgment cannot be defeated solely on the grounds that additional discovery is needed if the opposing party, by his or her own inaction, has failed to investigate and ascertain the facts (*Meath v Mishrick*, 68 NY2d 992, 994-995; *Sheehan v Columbia Presbyt. Med. Ctr., Presbyt. Hosp.*, 182 AD2d 556; *Edwards v Terryville Meat Co.*, 178 AD2d 580, 581; *Fine Arts Enters. v Levy*, 149 AD2d 795, 796). Given that the record amply demonstrates that plaintiffs' failure to ascertain the facts was due solely to their own inaction, defendants' motion was properly granted.

Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.