■ JOSEPH L. DeCOSMO, Appellant, v KARL C. HULSE et al., Respondents. [612 NYS2d 279] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered April 2, 1992 in Putnam County, which denied plaintiff's motion for partial summary judgment on the issue of liability.

It is uncontroverted that on July 10, 1990, plaintiff and defendant Karl C. Hulse (hereinafter defendant) were traveling south on Interstate Route 684 in the Town of North Salem, Westchester County. As traffic became heavily congested, plaintiff's and defendant's vehicles, as well as all others, proceeded to slow periodically, resulting in "stop and

go" traffic. It is similarly uncontested that both plaintiff's vehicle and defendant's vehicle were required to apply their brakes repeatedly during such traffic pattern. Plaintiff contends that his vehicle, which traveled with the flow of traffic and gradually slowed to a stop to avoid contact with the vehicle preceding his, was struck in the rear by defendant's vehicle.

Defendant stated that at all times he was observing plaintiff's vehicle and that on each occasion when plaintiff's vehicle began to proceed, he let up on his brakes while keeping his foot thereon and allowed his car to proceed slowly. At the time of the accident, defendant contended that after plaintiff's vehicle began to proceed and he therefore proceeded, plaintiff's vehicle came to a sudden and complete stop for no apparent reason, causing his vehicle to unavoidably roll into plaintiff's rear.

After issue was joined and all disclosure completed, plaintiff moved for partial summary judgment on the issue of liability. Supreme Court denied the motion, finding that there was a material, triable issue of fact regarding plaintiff's culpable conduct. Plaintiff appeals.

We affirm. It is well settled that on a motion for summary judgment, the plaintiff must present evidentiary proof in admissible form to establish his cause of action sufficient to warrant a court, as a matter of law, to direct judgment in his favor (see, Zuckerman v City of New York, 49 NY2d 557, 562; Andre v Pomeroy, 35 NY2d 361, 363).

"Normally, if the facts are uncontested summary judgment is appropriate. However, this is not always so in negligence suits, because even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law.

"Thus as a practical matter summary judgment continues to be a rare event in negligence cases" (Andre v Pomeroy, supra, at 364).
Yet, if it can be shown that " ' "defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances" ' " (Ugarriza v Schmieder, 46 NY2d 471, 475-476, quoting Andre v Pomeroy, supra, at 364-365, quoting 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.03), summary judgment may be granted.

With plaintiff's showing in the record supported by sworn affidavit, deposition testimony and a police accident report, we find that "such collision is sufficient to create a prima facie case of liability on the part of defendant and imposes a duty of explanation with respect to the operator of the offending vehicle" *(Young v City of New York,* 113 AD2d 833, 833-834; *see, Rebecchi v Whitmore,* 172 AD2d 600, 601). Compelled now to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact *(Zuckerman v City of New York, supra,* at 562), we find that defendant submitted his own affidavit and deposition testimony which, when viewed in the light most favorable to him *(see, Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610), established a triable issue that the rear-end collision was not solely a result of his negligence *(see, Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Hence, we conclude that although defendant was under a duty to maintain a safe distance between these vehicles *(see,* Vehicle and Traffic Law § 1129 [a]), plaintiff's alleged sudden stop in traffic conditions then existing would be a sufficient nonnegligent explanation proffered by defendant to preclude an award of summary judgment as a matter of law.

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.