■ EILEEN M. BIKOWICZ, as Executrix of the Estate of MARY M. THOMAS, Deceased, Appellant, v PATRICIA LABOMBARD, Doing Business as RYNEX CONTRACTING, et al., Respondents. [622 NYS2d 358] —Cardona, P. J. Appeal from an amended judgment of the Supreme Court (Mycek, J.), entered December 29, 1993 in Schenectady County, upon a verdict rendered in favor of defendants.

On September 30, 1991, plaintiff's decedent died when the car she was driving easterly along Snake Hill Road, a two-lane highway in the Town of Glenville, Schenectady County, collided with a dump truck owned by defendant Patricia LaBombard. Testimony at the jury trial established that the unattended seven-foot-wide dump truck was parked, with its

four-way flashers operating, on the south side of the eastbound lane obstructing approximately 50% of decedent's eight-foot six-inch lane of travel. The truck was loaded with crushed stone to be used in a residential driveway located on the north side of Snake Hill Road approximately 60 yards to the east. Because it weighed 50,000 pounds, the truck could not be parked on a driveway without causing damage. Testimony indicated that the weather was sunny and clear, the speed limit was either 30 or 35 miles per hour and the truck was visible to eastbound motorists for a distance of 0.2 to 0.3 miles.

Asserting violations of Vehicle and Traffic Law §§ 1200 and 1201 (a), plaintiff moved for a directed verdict on the issue of defendants' negligence. Supreme Court denied the motion and submitted the question to the jury, which found in defendants' favor. Plaintiff's motion to set aside the verdict (see, CPLR 4404 [a]) as against the weight of the evidence was denied and judgment was entered in defendants' favor dismissing the complaint. Plaintiff appeals. We affirm.

Contrary to plaintiff's claim, parking the truck on the paved portion of the subject highway did not establish defendants' negligence as a matter of law. First, plaintiff assumes that Vehicle and Traffic Law § 1201 (a) applies. However, the statute only applies in nonbusiness or nonresidential districts. Although Supreme Court failed to define a residence district (see, Vehicle and Traffic Law § 138), based on the proximity of several homes the evidence suggests that the portion of the highway where the accident occurred was within such a district. In the event Vehicle and Traffic Law § 1201 (a) applies, parking on a portion of the paved or main-traveled part of a highway in a nonresidential district is not prohibited under all circumstances, but only when it is "practicable" to do otherwise (see, Vehicle and Traffic Law § 1201 [a]; Callihan v Moore, 188 AD2d 714, 715). Thus viewed, the evidence presented a question of fact as to whether defendants' conduct violated the statute and was, therefore, negligent (see, Bagnato v Romano, 179 AD2d 713, 714, lv denied 81 NY2d 701; see also, Johnson v Budine, 20 AD2d 843). Accordingly, it was proper for Supreme Court to submit the negligence issue to the jury.

Plaintiff also contends that the jury's verdict was against the weight of the evidence. Based upon our review of the record, we cannot agree that the jury could not have reached its verdict on any fair interpretation of the evidence (see, Durkin v Peluso, 184 AD2d 940). As already noted, the evidence supports a view that Vehicle and Traffic Law § 1201 (a)

does not apply to the portion of the highway where the accident occurred. On the other hand, if Vehicle and Traffic Law § 1201 (a) is applicable, defendants offered credible proof regarding the impracticability of parking the truck completely off the paved portion of the highway. They also offered testimony that a substantial portion of the road was unobstructed and there was a clear view of the truck from over 1,000 feet away. There is sufficient evidence to support the verdict.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the amended judgment is affirmed, with costs.