■ LOUISEANNE SILVESTRO, Respondent, v DON G. WARTELLA, Respondent, and ROBERT J. SCORZONI et al., Appellants. [637 NYS2d 240] —Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 12, 1995 in Ulster County, which denied a motion by defendants Robert J. Scorzoni and Debra Scorzoni for summary judgment dismissing the complaint and all cross claims against them.

The parties were involved in a three-car accident on a wet and misty day in August 1990 at the intersection of U.S. Route 9W and West Main Street in the Village of Catskill, Ulster County. The first of the three cars involved in the accident was owned by defendant Robert J. Scorzoni and driven by his spouse, defendant Debra Scorzoni (hereinafter collectively referred to as defendants). It was stopped at the intersection, prior to making a turn, when it was struck from behind by a second car, owned and driven by Joseph Winn. Winn's car was, in turn, struck from behind by a third car, owned and driven by defendant Don G. Wartella. Plaintiff, a passenger in the Scorzoni vehicle at the time of the accident, subsequently commenced this negligence action. After discovery proceedings, the Scorzonis moved for summary judgment dismissing both the complaint and Wartella's cross claims against them. Supreme Court denied the motion and the Scorzonis appeal.

We affirm. Our review of the testimony given at the examinations before trial discloses that a triable issue of fact exists as to whether the Scorzoni vehicle had stopped so suddenly and unexpectedly immediately prior to the accident that Winn was unable to avoid the collision that resulted in plaintiff's injuries. While it is undisputed that the Scorzoni car was stopped at the time of the accident, Winn testified at his examination before trial that the Scorzoni car had never displayed a turn signal prior to the accident. Instead, it came to a sudden stop at the intersection with no prior warning. Debra Scorzoni, on the other hand, testified that she had activated her right turn signal prior to her arrival at the intersection and that she had come to a complete stop and was waiting to make a right turn when Winn rear-ended her car.

This conflicting testimony was sufficient to raise a triable issue of fact precluding the grant of summary judgment (*see, Ugarriza v Schmieder*, 46 NY2d 471, 475-476). As we are constrained in our review of the record to construe the proof in the light most favorable to the parties opposing such a motion (*see, DeCosmo v Hulse*, 204 AD2d 953, 954), we conclude that Supreme Court's denial of the motion was correct and should be affirmed.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.