■ Laura R. Masone, as Administrator of the Estate of Robert J. Masone, Deceased, Respondent, v Westchester County et al., Appellants. [644 NYS2d 604] —Spain, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Shapiro, J.), entered May 5, 1995 in Westchester County, which denied defendants' motion for summary judgment dismissing the complaint.

On April 24, 1991 at approximately 5:00 P.M., Robert J. Masone, plaintiff's decedent, was killed when the car he was

operating struck the rear of a bus which was stopped at a bus stop on Mamaroneck Avenue in the City of White Plains, Westchester County. Defendant Jeffery Kirschner, the bus driver, was employed by defendant Liberty Lines Transit, Inc.; Kirschner was operating a bus owned by defendant Westchester County. The bus, with passengers, was heading south on Mamaroneck Avenue, a four-lane roadway with a speed limit of 40 miles per hour. At his examination before trial (hereinafter EBT), Kirschner testified that before operating the bus he inspected all of the lights which he found to be operational. He further testified that as he approached the bus stop in question he activated his right directional signal and braked for approximately 100 yards prior to the intended stop, remaining in the right lane during the course of his gradual stop. Kirschner's postaccident statement and his EBT also revealed that the bus's four-way flashers were turned on when he stopped and remained on for approximately 20 seconds prior to impact. Immediately upon a passenger exiting the bus, decedent's car impacted the left portion of the rear of the bus. Witnesses at the scene reported that, upon inspection of decedent's car, decedent's trousers and underwear were pulled down below his knees. The speedometer in decedent's car was stuck at 54 miles per hour and there were no skid marks. Plaintiff commenced this wrongful death action against Liberty, Kirschner and the County. After completion of discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court, relying on plaintiff's submissions and finding an issue of fact with respect to an allegedly broken brake light, denied the motion. Defendants appeal.

We reverse. Initially, we conclude that defendants' submissions in support of their motion for summary judgment, including a transcript of Kirschner's EBT, established their entitlement to summary judgment, thus shifting the burden to plaintiff to overcome said entitlement (see, *Vielhauer v Dick Corp.*, 224 AD2d 792; see also, CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562). In response to defendants' motion, plaintiff submitted an attorney's affirmation and the affidavit of an expert who opined, *inter alia*, that the right rear brake light of the bus was not working at the time of impact and that a driver following the bus would not have known that the bus driver intended to stop in the travel lane.

"It is well settled that where a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles travelling behind it in the same direction to come to a timely halt" (*Parise v Meltzer*, 204 AD2d 295; see, *Young v City of New York*,

113 AD2d 833). "A rear-end collision into a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator * * * [and] the operator is required to rebut the inference of negligence created by the unexplained rear-end collision" (*Barile v Lazzarini*, 222 AD2d 635, 636 [citations omitted]). Here, where plaintiff has failed to come forward with any such evidence to rebut this inference, a judgment as a matter of law may properly be awarded to defendant (*see, supra*, at 636). It is undisputed that the bus was fully stopped in the right travel lane of the roadway when the rear-end collision occurred. The back of the bus, approximately 11 feet high and 8 feet wide, was clearly in the unobstructed view of decedent and the bus had five operational lights across its top portion as well as taillights and blinking directional signals. Kirschner stated that he had turned on the headlights and exterior lights prior to the accident; there are several lights on the back of the bus which remain on whenever the headlights are switched on, including top rear marker lights, the top (centered) clearance lights and the taillights, in addition to the flashers which were also turned on. Further, the evidence indicates that decedent may have been preoccupied during the period of time leading up to impact.

In our view, an analysis of the unrefuted facts indicates that plaintiff's case, as alleged, does not enable a trier of fact to infer that defective signal lights, improper signaling or the location of the bus could have been a proximate cause of the accident. Decedent's high rate of speed combined with the absence of skid marks indicate that he was inattentive and unaware of the bus altogether and this, therefore, forecloses the relevancy of the right rear taillights and their lack of functioning as a material issue. Moreover, under the circumstances of this case, the location of the bus merely furnished the condition for the occurrence of the accident rather than its cause (*see, Sheehan v City of New York*, 40 NY2d 496).

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.