◼ Robert DeVito, Appellant, v Todd Silvernail et al., Respondents. [658 NYS2d 500] —White, J. Appeal from an order of the Supreme Court (Harris, J.), entered March 28, 1996 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff claims that on November 8, 1992 he stopped his vehicle in the southbound lane of Delaware Avenue in the City of Albany and was struck in the rear by a tow truck operated by defendant Todd Silvernail (hereinafter defendant) and

owned by defendant Jefferson Motors, Inc. Alleging that he sustained a "serious injury", plaintiff commenced this negligence action to recover his noneconomic loss. Three years after issue was joined, plaintiff moved for summary judgment on the issues of liability and whether he had sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion, prompting this appeal.

Inasmuch as plaintiff's proof established a prima facie case of negligence, to defeat summary judgment defendant was obligated to come forward with admissible evidence rebutting the inference of negligence created by an unexplained rear end collision (*see, Johnston v El-Deiry*, 230 AD2d 715; *Masone v Westchester County*, 229 AD2d 657, 658-659). To meet his burden, defendant submitted the transcript of his examination before trial wherein he testified that he was proceeding two car lengths behind plaintiff's vehicle at approximately 15 miles per hour when he observed plaintiff applying his brakes. Although defendant applied his brakes, he was unable to stop in time because plaintiff brought his vehicle to an abrupt and sudden stop.

As we are constrained to view the evidence in the light most favorable to a defendant, we have held that a plaintiff's alleged sudden stop provides a nonnegligent explanation for a rear end collision that is sufficient to overcome the inference of negligence, thereby precluding an award of summary judgment (*see, Silvestro v Wartella*, 224 AD2d 799; *DeCosmo v Hulse*, 204 AD2d 953, 955). Thus, Supreme Court properly denied this aspect of plaintiff's motion.

Turning to the "serious injury" issue, defendant pointed out that plaintiff was involved in two prior automobile accidents in which he sustained injuries similar to those allegedly incurred in this accident. Plaintiff was also apparently disabled for a period of time from work and college prior to the date of this accident. While defendant was diligent in seeking plaintiff's pertinent medical records and plaintiff cooperated, many records and authorizations remained outstanding at the time of this motion. As a consequence of not having all of the records, defendant's doctor was unable to render a comprehensive evaluation of plaintiff's condition, making it impossible for defendant to adequately controvert plaintiff's claim of "serious injury". In light of this, Supreme Court denied plaintiff's motion pertaining to this issue.

We concur with Supreme Court's determination. It is well settled that when a party is unable to effectively oppose a motion for summary judgment because the evidence to do so is

within the exclusive knowledge of the moving party, summary judgment is inappropriate. This is particularly so where, as here, the nonmoving party has been diligent in pursuing discovery and the expectation of discovering relevant and material evidence is not based upon hope or speculation (*see, Morris v Goldstein*, 223 AD2d 582; *CIT Group/Equip. Fin. v Abele Tractor & Equip. Co.*, 213 AD2d 820, 821; *compare, Allen v Vuley*, 223 AD2d 868, 869; *Rivera v Our Lady of Knox R. C. Church*, 197 AD2d 764, 765).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.