■ MELISSA A. JONES, Appellant-Respondent, v ALICE T. EGAN, Defendant, MICHELLE L. PATRIE, Also Known as MICHELLE L. JONES, Appellant, and DEAN SPRAGUE et al., Respondents. (And Another Related Action.) [676 NYS2d 305] —Spain, J. Appeal from an order and judgment of the Supreme Court (Demarest, J.), entered August 12, 1997 in Franklin County, which, *inter alia*, granted a cross motion by defendants Dean

---

Sprague and United Parcel Service, Inc. for summary judgment dismissing the complaint and all cross claims against them.

On December 29, 1992, at approximately 5:00 P.M., defendant Alice T. Egan was operating her car in a westbound direction on US Route 11 in the Town of Clinton, Clinton County. Plaintiff was a passenger in the rear driver's side seat in a vehicle driven by defendant Michelle L. Patrie. Plaintiff sustained serious injuries when Patrie's vehicle was struck from behind by Egan's vehicle when Patrie decelerated as she approached a parked truck operated by defendant Dean Sprague and owned by defendant United Parcel Service, Inc. (hereinafter UPS). It was dark at the time of the accident and sleet or freezing rain had created icy road conditions. Egan subsequently pleaded guilty to a violation of Vehicle and Traffic Law § 1129 (a) for following too closely to Patrie's vehicle.

Plaintiff thereafter commenced a negligence action against Egan. Egan, as a third-party plaintiff, commenced an action against Patrie, Sprague and UPS for indemnification and/or contribution; plaintiff amended her complaint to add Patrie, Sprague and UPS as defendants. Plaintiff separately sued Patrie for negligence without alleging any new facts or presenting any new claims, even though Patrie was already named as a defendant in plaintiff's prior amended complaint. Patrie cross-claimed against Sprague and UPS. Sprague and UPS filed cross claims against Egan and Patrie. Discovery was conducted and Patrie moved to consolidate all actions and for summary judgment dismissing all claims and cross claims against her. Sprague and UPS opposed Patrie's motion and cross-moved for summary judgment dismissing the claims and cross claims against them. Supreme Court, without explanation, denied Patrie's motion and granted the cross motion in favor of Sprague and UPS. Plaintiff appeals the grant of summary judgment to Sprague and UPS while Patrie appeals the denial of consolidation of the actions and the denial of her motion for summary judgment.[1]

Initially, we conclude that Supreme Court properly denied Patrie's motion for summary judgment.[2] It is well settled that on a motion for summary judgment we are constrained to view the evidence in a light most favorable to the nonmoving party (see, *Currier v Wiltrom Assns.*, 250 AD2d 956; *Stata v Village*

---

1. Plaintiff's claims against Egan have been settled.

2. Patrie has failed to argue the issue of consolidation in her brief on appeal and we therefore deem that issue abandoned (see, *Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2).

*of Waterford*, 225 AD2d 163). A rear-end collision with a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes upon him or her a duty of explanation (*see, Masone v Westchester County*, 229 AD2d 657; *Barile v Lazzarini*, 222 AD2d 635, 636). However, in opposition to Patrie's motion for summary judgment plaintiff submitted the transcript of Egan's deposition testimony wherein she states that just prior to the accident Patrie's vehicle came to a sudden and abrupt stop; moreover, in a statement dated February 23, 1994, Egan states that Patrie's vehicle "suddenly stopped as it approached the UPS truck". This Court has recently held that such a nonnegligent explanation is sufficient to overcome the inference of negligence, thereby precluding an award of summary judgment (*see, DeVito v Silvernail*, 239 AD2d 824, 825; *see also, Silvestro v Wartella*, 224 AD2d 799; *DeCosmo v Hulse*, 204 AD2d 953). Consequently, we will not disturb Supreme Court's determination.

Next, although we conclude that Supreme Court properly granted summary judgment to Sprague and UPS with respect to their alleged liability under Vehicle and Traffic Law § 1203, in our view the court improperly granted summary judgment on plaintiff's remaining claims.

Vehicle and Traffic Law § 1201 (a) provides that: "Upon any highway outside of a business or residence district no person shall * * * park * * * any vehicle * * * upon the paved or main-traveled part of the highway when it is practicable to * * * park * * * such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway." Here, a material issue of fact exists regarding whether the accident occurred in a business or residence district (*cf., Bikowicz v LaBombard*, 212 AD2d 866). Further, if the accident did indeed occur outside a business or residence district it is within the province of the trier of fact to determine to what extent the truck imposed on Patrie's lane of travel and whether it was feasible for Sprague to have parked the truck further off of the paved or mainly traveled portion of the highway (*see, id.*, at 867). Finally, it is well settled that the trier of fact is normally entrusted to resolve factual disputes, to ascertain the reasonableness of the offending conduct under the circumstances and to determine whether that conduct was a proximate cause of the alleged injury (*see, Vonungern v Mor-*

*ris Cent. School*, 240 AD2d 926; *Malstrom v Mackey*, 182 AD2d 1006; *cf.*, *Rivera v City of New York*, 11 NY2d 856). Because the location of the parked truck with respect to the driving lane is disputed, and Patrie's reaction is alleged to have been in response to seeing the truck's hazard lights, we cannot conclude as a matter of law that the manner in which Sprague parked the truck was not a proximate cause of the accident (*see, Scott v Keener*, 186 AD2d 955). Accordingly, plaintiff's common-law negligence and Vehicle and Traffic Law § 1201 (a) claims against Sprague and UPS should not have been dismissed.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendants Dean Sprague and United Parcel Service, Inc. regarding plaintiff's Vehicle and Traffic Law § 1201 (a) and common-law negligence claims; cross motion denied regarding said claims; and, as so modified, affirmed.