■ Patricia A. Tripp et al., Appellants, v Gelco Corporation et al., Respondents. [688 NYS2d 829] —Mercure, J. Appeal from an order of the Supreme Court (Keniry, J.), entered May 4, 1998 in Saratoga County, which denied plaintiffs' motion for, inter alia, summary judgment on the issue of liability.

Plaintiff Patricia A. Tripp (hereinafter plaintiff) was injured

when her motor vehicle was rear-ended by a pickup truck owned by defendant GELCO Corporation, leased by defendant Barefoot Grass and Lawn Services, Inc. and driven by defendant Scott P. Dehler, the latter's employee. Plaintiff and her spouse, derivatively, commenced this personal injury action. Plaintiffs thereafter filed a motion seeking summary judgment on the issue of defendants' liability and dismissal of defendants' first affirmative defense, wherein it was alleged that plaintiff's injuries were solely the result of her own negligence and/or her assumption of risk. Supreme Court denied the motion and plaintiffs appeal.

A rear-end collision with a stopped vehicle establishes a prima facie case of liability against the operator of the moving vehicle, requiring the operator to rebut the inference of negligence by coming forward with evidence of some other reasonable cause (*see, Krajewski v Rosinski*, 212 AD2d 886; *De-Cosmo v Hulse*, 204 AD2d 953, 954). If the operator fails to rebut the inference of negligence, the plaintiff is entitled to judgment as a matter of law (*see, Johnston v El-Deiry*, 230 AD2d 715).

In opposition to plaintiffs' prima facie showing, defendants submitted Dehler's deposition testimony and affidavit stating that "plaintiff's vehicle came to an immediate, abrupt and sudden stop", that he immediately "hit" his brakes, but that he was unable to stop prior to striking plaintiff's vehicle. Constrained as we are to view the evidence in the light most favorable to defendants, we conclude that they have presented a sufficiently nonnegligent explanation for the collision to overcome the inference of negligence, justifying Supreme Court's denial of summary judgment in favor of plaintiffs (*see, DeVito v Silvernail*, 239 AD2d 824, 825; *Silvestro v Wartella*, 224 AD2d 799).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.