█ ABDELFATTAH Z. MOHAMED et al., Respondents, v TOWN OF NISKAYUNA et al., Appellants. [700 NYS2d 551] —Cardona, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 22, 1998 in Schenectady County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability.

On September 29, 1994, plaintiff Abdelfattah Z. Mohammed (hereinafter plaintiff) was involved in a chain-reaction, multiple-car accident while operating his vehicle on Balltown Road in the Town of Niskayuna, Schenectady County. After bringing his vehicle to a complete stop to yield to traffic, he was struck from behind by a vehicle driven by defendant Laura Zal and propelled into the rear of the vehicle ahead of him. Zal's vehicle had been struck from behind by a vehicle driven by defendant Jill Biggane and owned by defendant James Biggane. The Bigganes' vehicle had, in turn, been struck from behind by a vehicle driven by defendant Darryl L. Ostrander and owned by defendant Town of Niskayuna.

Thereafter, plaintiff and his wife, derivatively, commenced

this negligence action. Following joinder of issue, plaintiffs moved for partial summary judgment against all defendants on the issue of liability. The Bigganes and Zal cross-moved for summary judgment dismissing the complaint against them. Supreme Court, *inter alia*, granted plaintiffs' motion resulting in this appeal.*

As a general rule, a rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the following vehicle imposing a duty of explanation (*see, Tripp v Gelco Corp.*, 260 AD2d 925, 926; *Riley v County of Broome*, 256 AD2d 899; *Jones v Egan*, 252 AD2d 909, 911). "A nonnegligent explanation for a collision is sufficient to overcome the inference of negligence" (*Riley v County of Broome, supra,* at 899; *see, DeVito v Silvernail*, 239 AD2d 824, 825). Evidence that the vehicle which was rear-ended came to a sudden and abrupt stop will defeat summary judgment (*see, Jones v Egan, supra,* at 911; *Silvestro v Wartella*, 224 AD2d 799; *DeCosmo v Hulse*, 204 AD2d 953, 955). Moreover, in multiple-car, chain-reaction accidents the courts have recognized that the operator of a vehicle which has come to a complete stop and is propelled into the vehicle in front of it as a result of being struck from behind is not negligent inasmuch as the operator's actions cannot be said to be the proximate cause of the injuries resulting from the collision (*see, e.g., Lehmann v Sheaves*, 231 AD2d 687, 688; *Arrastia v Sbordone*, 225 AD2d 375; *Chamberlin v Suffolk County Labor Dept.*, 221 AD2d 580, 581; *Smith v Cafiero*, 203 AD2d 355, 355-356).

Considering the evidence submitted in support of plaintiffs' motion, which we view in the light most favorable to defendants (*see, Jones v Egan, supra,* at 910; *DeVito v Silvernail, supra,* at 825), we conclude that Supreme Court improperly granted partial summary judgment. There are questions of fact concerning whether each defendant was negligent and, if so, whether such negligence was a proximate cause of plaintiff's injuries. Plaintiff testified at his examination before trial that he came to a complete stop behind another car when he heard a loud crash and, one or two seconds later, was struck from behind. He stated that his car lunged forward and he believed that it struck the car in front of him. He indicated that after the first impact, his vehicle was struck again from behind. Plaintiff testified that the second strike was more powerful than the first and definitely propelled him into the vehicle ahead of him.

---

* While the dissent concludes that Ostrander and the Town abandoned their appeal, we note that this issue was not raised by any of the parties. In any event, we find in light of the procedural posture of this case that their appeal was not abandoned.

Zal, the driver of the vehicle which struck plaintiff, testified that she observed plaintiff's vehicle stopped on Balltown Road. She brought her vehicle to a complete stop a few feet behind his and stated that she was stopped for a few seconds when she heard a loud crash. Shortly thereafter, she felt a jolt from behind which propelled her vehicle into the rear of plaintiff's vehicle. She did not recall a second impact.

Biggane, the driver of the vehicle which struck Zal, testified that she saw Zal's brake lights come on and indicated that Zal stopped "fairly quickly". She stated that she applied her brakes and pulled her vehicle to the right to avoid hitting Zal. She indicated that she successfully brought her vehicle to a complete stop without hitting Zal; however, her vehicle was hit from behind and pushed into the rear of Zal's vehicle. Biggane stated that the back of her car was significantly damaged.

Ostrander, a police officer employed by the Town who drove the vehicle which struck Biggane, testified that he first observed Biggane's vehicle when he saw her brake lights. His vehicle was traveling 35 to 40 feet behind her and proceeding at approximately 30 miles per hour. He stated that he saw her stop, applied his brakes and attempted to avoid a collision by swerving to the left. He acknowledged that he collided with the left rear quarter of her car and described the impact as "light to moderate". According to Ostrander, half a second elapsed between the time he saw Biggane's brake lights and the impact.

If Zal's testimony is credited, she could not be held negligent because, having come to a complete stop behind plaintiff, her conduct would not have been a proximate cause of the collision. Biggane, on the other hand, maintained that although Zal stopped abruptly she nevertheless successfully brought her vehicle to a complete stop without hitting Zal. If her testimony is credited, liability is shifted to Ostrander, who ostensibly propelled Biggane's vehicle into Zal's vehicle. Ostrander, however, indicated that only half a second elapsed between the time Biggane applied her brakes and his impact with her vehicle. If his testimony is credited, it suggests that Biggane may have been negligent by stopping abruptly. Moreover, both Biggane's and Ostrander's testimony permit the inference that Zal's alleged abrupt stop may have been a factor contributing to the succession of events leading Ostrander to strike Biggane, thereby making Zal a negligent party. Contradictions in the foregoing testimony disclose questions of fact concerning the liability of each defendant which render the grant of plaintiffs' motion inappropriate. Although the dissent is of the view that plaintiffs' motion should have been granted against

Ostrander and the Town based upon the manner in which Ostrander followed Biggane's vehicle, we cannot say on this record that, as a matter of law, he was negligent. We further find that the discrepancies in the testimony warranted Supreme Court's denial of the cross motions.

Mercure, Yesawich Jr. and Carpinello, JJ., concur.

Mikoll, J. (dissenting in part and concurring in part). I concur with that portion of the majority's decision which reverses the grant of summary judgment in favor of plaintiffs against defendants Laura Zal, Jill Biggane and James Biggane. I disagree, however, with that portion of the majority's decision which grants the same relief to defendants Town of Niskayuna and Darryl L. Ostrander.

As a threshold matter, it would appear that the Town and Ostrander have abandoned their appeal so as to preclude them from the relief proposed by the majority.* This procedural defect aside, I am of the view that these defendants failed to come forth with an explanation adequate to rebut the presumption of negligence arising from the fact that the vehicle owned by the Town and operated by Ostrander struck the rear end of the vehicle in front of him (*see, Roberts v Hall*, 248 AD2d 845, 846).

The driver of a motor vehicle is obliged to travel at a reasonably safe rate of speed, maintain control of his vehicle and keep a safe distance between his vehicle and one in front of him (*see, Barile v Lazzarini*, 222 AD2d 635, 637; *Roberts v Hall, supra*, at 846). Consequently, a rear-end collision with a stopped vehicle creates a prima facie case of negligence as to the operator of the rear-ending vehicle, imposing on that operator a duty of explanation (*see, Masone v Westchester County*, 229 AD2d 657, 659; *Barile v Lazzarini, supra*, at 636).

All other parties testified that, following traffic, they successfully brought their vehicles to a complete stop without hitting the vehicle in front of them. Ostrander, on the other hand, did not. Jill Biggane testified that within a "split second" after her stop, she was struck by Ostrander. Ostrander's claim that Jill Biggane stopped abruptly notwithstanding, had he been operating his vehicle at a safe speed and within a reasonable distance from the car in front of him, he likewise would have been able to stop safely (*see, Roberts v Hall, supra*, at 846).

---

* Although the Town filed a timely notice of appeal, the notice was never served on the other parties. Nearly a year later, the Town successfully moved in this Court for permission to serve the notice of appeal on the other parties, but it did not seek, nor did this Court grant, relief pursuant to 22 NYCRR 800.12, in the absence of which its appeal "shall be deemed to have been abandoned". No brief was filed on behalf of the Town.

Ordered that the order is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as granted plaintiffs' motion for partial summary judgment on the issue of liability; said motion denied; and, as so modified, affirmed.