■ CHRISTOPHER HEAL et al., Respondents, v KENT LISZEWSKI, Respondent, and KENNETH CREASEY et al., Appellants. [741 NYS2d 374] —Appeal from an order of Supreme Court, Niagara County (Lane, J.), entered April 20, 2001, which denied the motion of defendants Kenneth Creasey and Heinrich Chevrolet, Inc. for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Christopher Heal (plaintiff) while a passenger in a vehicle owned by Heinrich Chevrolet, Inc. and driven by Kenneth Creasey (defendants). Creasey stopped his vehicle at an intersection at a stop sign, then moved forward, but then stopped again, whereupon a vehicle driven by defendant Kent Liszewski rear-ended Creasey's vehicle. Supreme Court properly denied the motion of defendants seeking summary judgment dismissing the complaint and cross claims against them. Defendants failed to establish as a matter of law that Creasey was not negligent and thus failed to meet their initial burden on the motion (*see Jones v Egan,* 252 AD2d 909, 910-911; *DeCosmo v Hulse,* 204 AD2d 953, 955; *see generally Niemiec v Jones,* 237 AD2d 267, 268; *Migdol v Striker,* 215 AD2d 358). The fact that Liszewski's negligence also may have been a proximate cause of plaintiff's injuries does not necessarily absolve defendants of liability inasmuch as an accident may have more than one proximate cause (*see Argentina v Emery World Wide Delivery Corp.,* 93 NY2d 554, 560 n 2; *Doctor v Juliana,* 277 AD2d 1013, 1014). In any event, even assuming, arguendo, that defendants met their initial burden, we conclude that Liszewski and plaintiffs raised issues of fact concerning the negligence of Creasey (*see Jones,* 252 AD2d at 911; *DeCosmo,* 204 AD2d at 955; *cf. Mascitti v Greene,* 250 AD2d 821, 822). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Burns and Gorski, JJ.