■ HERBERT GIBSON, Appellant, v ROY C. GENTRY, Respondent. [790 NYS2d 735]—

Lahtinen, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered September 23, 2003 in Chemung County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action seeking to recover for injuries he sustained in May 2002 when the bicycle he was riding collided with an automobile operated by defendant. The accident occurred at the intersection of Clemens Center Parkway and Water Street in the City of Elmira, Chemung County, as defendant was executing a right-hand turn onto Water Street. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion, finding that plaintiff failed to present a nonnegligent explanation for why he collided with the rear of defendant's vehicle. This appeal by plaintiff ensued.

We reverse. Defendant's deposition testimony establishes that defendant passed plaintiff riding his bicycle in a three-foot-wide portion of Clemons Center Parkway which was to the right of the driving lane he was in and "on the right-hand side of the bright white line." Defendant further testified that after he passed plaintiff he "glanced in the rearview mirror . . . [and] there wasn't a car within three lengths of me or four and I could still see him in the right-hand lane and he was back that distance. At the bottom of the hill I started to turn and the next time that I looked up he was right behind me." Plaintiff claims that he continued to travel in the three-foot-wide portion of the road until he saw defendant's automobile "sitting right in front of" him and "made a sudden move to the left to try to clear the car." To the extent that these facts present the classic rear-end collision with a stopped or stopping vehicle imposing a duty of explanation upon plaintiff (see *Chepel v Meyers*, 306 AD2d 235, 236-237 [2003]; *Jaycox v Hardesty*, 305 AD2d 720, 721 [2003]; *Mohamed v Town of Niskayuna*, 267 AD2d 909, 910 [1999]), we find that plaintiff has met his burden. Viewing the evidence most favorably to plaintiff, the nonmoving party, we conclude that questions of fact exist as to whether defendant violated Vehicle and Traffic Law § 1128 (a), § 1146 and/or § 1163 (see *Jones v Egan*, 252 AD2d 909, 910-911 [1998]).

Peters, J.P., Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.