■ DOUGLAS J. BELL, Respondent, v ROBERT E. BROWN, Appellant. (And a Third-Party Action.) [61 NYS3d 167]—

Rose, J. Appeal from an order of the Supreme Court (Farley, J.), entered July 8, 2016 in St. Lawrence County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was leading a group of motorcyclists traveling on a two-lane roadway in a staggered formation at less than the speed limit behind a van driven by third-party defendant, Rodney Daunais. Daunais—in turn—was traveling behind defendant's vehicle. This line of traffic proceeded up a hill and, as plaintiff came over its crest, he saw Daunais' van suddenly swerve into the oncoming traffic lane to avoid hitting defendant's vehicle, which had stopped in the roadway. Unable to swerve to the left due to the presence of another oncoming motorcycle, plaintiff laid his motorcycle down and struck the rear corner of defendant's vehicle. After plaintiff commenced this action to recover for his injuries, defendant moved for summary judgment dismissing the complaint, alleging, among other things, that plaintiff failed to demonstrate a nonnegligent explanation for the rear-end collision. Supreme Court denied the motion, finding that a triable issue of fact existed as to whether defendant had stopped in a manner that posed a risk to vehicles traveling behind him. Defendant appeals, and we now affirm.

It is undisputed that defendant has satisfied his initial summary judgment burden inasmuch as "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle" (*Tumminello v City of New York*, 148 AD3d 1084, 1084-1085 [2017]; *see Gibson v Gentry*, 16 AD3d 744, 745 [2005]). The burden therefore shifted to plaintiff to demonstrate a nonnegligent explanation for the collision (*see Martin v LaValley*, 144 AD3d 1474, 1477 [2016]; *Grant v Nembhard*, 94 AD3d 1397, 1399

[2012]). As relevant here, "[e]vidence that the vehicle which was rear-ended came to a sudden and abrupt stop will defeat summary judgment" (*Mohamed v Town of Niskayuna*, 267 AD2d 909, 910 [1999]; *see Tate v Brown*, 125 AD3d 1397, 1398-1399 [2015]).

· Although defendant contends that he was attempting to turn into a driveway when plaintiff rear-ended him and that he had appropriately slowed his vehicle and activated his turn signal prior to turning, Daunais contradicted him, testifying that defendant "stopped dead in the road." Daunais averred that he then "took a chance" and swerved left into the oncoming traffic lane to avoid colliding with defendant's vehicle. Plaintiff explained that he was unable to do the same because another motorcyclist was by then blocking him from safely veering to the left. Other motorcyclists traveling with plaintiff also testified that they observed Daunais' van swerve into the oncoming traffic lane to reveal defendant's vehicle stopped in the road. This proof, when viewed "in the light most favorable to plaintiff and affording him the benefit of every favorable inference" (*Acton v 1906 Rest. Corp.*, 147 AD3d 1277, 1279 [2017]), demonstrates a triable issue of fact as to whether a nonnegligent explanation exists for the rear-end collision (*see Tate v Brown*, 125 AD3d at 1398-1399; *Tripp v GELCO Corp.*, 260 AD2d 925, 926 [1999]; *Jones v Egan*, 252 AD2d 909, 911 [1998]; *Silvestro v Wartella*, 224 AD2d 799, 799 [1996]; *compare Appollonia v Bonse*, 92 AD3d 1170, 1171-1172 [2012]). Accordingly, Supreme Court properly denied defendant's motion for summary judgment.

McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.