Warner v Kain (2018 NY Slip Op 04630)





Warner v Kain


2018 NY Slip Op 04630


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

526087

[*1]LOWELL T. WARNER et al., Appellants,
v
KYLE E. KAIN et al., Respondents.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

The Mills Law Firm, LLP, Clifton Park (Christopher K. Mills of counsel), for appellants.
Law Office of J. William Savage, East Syracuse (Karen Veronica DeFio of counsel), for respondents.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Richards, J.), entered September 26, 2017 in St. Lawrence County, which denied plaintiffs' motion for partial summary judgment.
Plaintiffs commenced this action seeking to recover for injuries sustained by plaintiff Lowell T. Warner in a chain-reaction motor vehicle accident. Warner was operating a Chevrolet pickup truck that was stopped at a traffic signal when it was struck from behind by a Jeep Liberty that was being operated by a nonparty who was stopped behind him at the traffic signal. The Jeep Liberty was, in turn, struck from behind by a vehicle being operated by defendant Kyle E. Kain. Supreme Court denied plaintiffs' motion for partial summary judgment on the issue of liability, and plaintiffs appeal.
"Where . . . a driver of a moving vehicle rear-ends a stopped vehicle, a prima facie case of negligence exists that must be rebutted by an adequate, nonnegligent explanation for the collision" (Martin v LaValley, 144 AD3d 1474, 1477 [2016] [internal quotation marks and citations omitted]). "A mechanical failure or sudden and abrupt stop of the vehicle in front can constitute a sufficient explanation to overcome the inference of negligence" (Johnson v First Student, Inc., 54 AD3d 492, 493 [2008] [citation omitted]). Further, "where the driver of the offending vehicle lays the blame for the accident on brake failure, it is incumbent upon that party [*2]to show that the brake problem was unanticipated and that reasonable care was exercised to keep the brakes in good working order" (Hubert v Tripaldi, 307 AD2d 692, 694 [2003] [internal quotation marks, brackets, ellipsis and citation omitted]).
Plaintiffs met their initial burden of establishing prima facie entitlement to summary judgment based on the undisputed fact that Kain rear-ended the Jeep Liberty, causing it to rear-end Warner's vehicle, thereby shifting the burden to defendants to demonstrate a nonnegligent explanation for the collision (see Bell v Brown, 152 AD3d 1114, 1114-1115 [2017]). In opposition, defendants relied entirely on Kain's deposition testimony as a basis for asserting that there were two nonnegligent explanations for the collision — that the brakes on his vehicle failed and that both vehicles traveling in front of him stopped abruptly [FN1]. Kain testified that when he "initially pressed the brakes, they went halfway to the floor," and that "the brakes did not respond as quickly as they normally would." When application of the brakes slowed his vehicle's speed insignificantly, if at all, he "ended up pulling the emergency brake[]." He further testified that when the light turned red, Warner's vehicle "stopped abruptly and the Jeep Liberty had to stop abruptly behind it."
Initially, we conclude that Supreme Court properly considered the defense of brake failure, notwithstanding defendants' failure to plead it as an affirmative defense [FN2]. The claim that an accident was unavoidable due to brake failure is an affirmative defense (see CPLR 3101 [b]; Suitor v Boivin, 219 AD2d 799, 800 [1995]). However, "[e]ven an unpleaded defense may be raised on a summary judgment motion, as long as it would not be likely to surprise the adverse party or raise issues of fact not previously apparent" (Brodeur v Hayes, 305 AD2d 754, 755 [2003]). Accordingly, a nonmovant may invoke a waived defense to defeat a motion for summary judgment if the movant has the opportunity to respond (see Green Harbour Homeowners Assn., Inc. v Ermiger, 128 AD3d 1142, 1144 [2015]). Kain testified at his deposition that the brakes in his vehicle failed, and plaintiffs addressed that issue in their moving papers and again in their reply.
We further conclude that defendants met their burden to provide a nonnegligent explanation for the accident. Kain testified that the brakes did not operate normally when he applied them and, further, that the application of the brakes did not appreciably slow the speed of the vehicle as he approached the vehicles that were stopped at the traffic signal. Further, he [*3]testified that his vehicle was relatively new and was in good working order, and that the only mechanical problems he had experienced prior to the accident were unrelated to the brakes. He further testified that the brakes operated properly prior to the accident, the inspection was current and the malfunction caused him to apply his emergency brake. When viewed in the light most favorable to defendants, as nonmovants, Kain's testimony is sufficient to meet their burden of establishing a triable question of fact as to whether the brakes failed (see Hubert v Tripaldi, 307 AD2d at 694).
Kain also testified that Warner's vehicle and the Jeep Liberty abruptly stopped directly in front of his vehicle. He specifically stated that Warner's vehicle approached the intersection without slowing, as if it was going to proceed, and that it stopped immediately when the light turned red, thereby forcing the Jeep Liberty to also stop abruptly. He further testified that he was traveling at or below the speed limit and that he applied his brakes immediately upon seeing that both vehicles had stopped abruptly in his path. When viewed in the light most favorable to defendants, Kain's testimony establishes the existence of a triable issue of fact as to whether there was a sudden and abrupt stop (see Bell v Brown, 152 AD3d at 1115; Martin v LaValley, 144 AD3d at 1477-1478). Accordingly, the Supreme Court properly denied plaintiffs' motion for partial summary judgment.
McCarthy, J.P., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1:Plaintiffs' argument that defendants' response was legally insufficient because it consisted solely of the affirmation of their counsel is unavailing because the attorney affirmation effectively served as a vehicle for the submission of acceptable evidence by referring to specific facts contained in the transcript of Kain's deposition that had already been submitted by plaintiffs (see e.g. Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).

Footnote 2:Plaintiffs abandoned any argument that defendants waived the sudden and abrupt stop defense by failing to address that issue in their brief on appeal (see Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1088 n 1 [2017]).