Haring v Gille (2022 NY Slip Op 02321)

Haring v Gille

2022 NY Slip Op 02321

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

532846
[*1]Kyra Haring, Respondent,
v
Scott M. Gille et al., Appellants, et al., Defendants.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

Law Office of M. Randolph Belkin, Latham (Shawn T. Nash of counsel), for appellants.
Block O'Toole & Murphy, LLP, New York City (David L. Scher of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered January 27, 2021 in Saratoga County, which denied a motion by defendants Scott M. Gille and Chesand Incorporated for summary judgment dismissing the complaint and cross claims against them.
On February 6, 2017, defendant Scott M. Gille was stopped facing south on State Route 9 in the Town of Moreau, Saratoga County, preparing to make a left-hand turn into the parking lot of his employer, defendant Chesand Incorporated. While waiting for a break in the northbound traffic with his directional signal on, Gille's van was struck in the rear by a pickup truck driven by defendant Anthony E. Cary. The van was then forced over the center yellow lines into the northbound traffic, striking plaintiff's oncoming vehicle.
Plaintiff commenced this personal injury action against Gille and Chesand (hereinafter collectively referred to as defendants) as well as Cary and the owner of the pickup truck. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint and cross claims against them, contending that Cary was the sole cause of the accident. Plaintiff opposed the motion, arguing that there was a question of fact as to whether Gille stopped suddenly and unexpectedly after starting his left turn, and submitted an expert report in support of this contention. In reply, defendants claimed, among other things, that plaintiff's expert report was speculative. Supreme Court denied defendants' motion, finding that there were questions of fact as to whether Gille was at fault. Defendants appeal.
We affirm. It is well settled that when "a moving vehicle is involved in a rear-end collision with a stopped vehicle, a prima facie case of negligence exists that must be rebutted by an adequate, nonnegligent explanation for the collision" (Kesick v Burns-Leader, 169 AD3d 1313, 1314 [2019] [internal quotation marks and citations omitted]; accord Altman v Shaw, 184 AD3d 995, 999 [2020]; see Gitman v Martinez, 169 AD3d 1283, 1285 [2019]). Relevantly, "[e]vidence that the vehicle which was rear-ended came to a sudden and abrupt stop will defeat summary judgment" (Bell v Brown, 152 AD3d 1114, 1114 [2017] [internal quotation marks and citation omitted]; see Altman v Shaw, 184 AD3d at 999; Warner v Kain, 162 AD3d 1384, 1385 [2018]).
The rear-end collision between the Cary vehicle and the Gille vehicle established a prima facie case of negligence against Cary, and Gille established its prima facie entitlement to summary judgment dismissing plaintiff's complaint by submitting proof that the accident was caused by the Cary vehicle striking the Gille vehicle first and pushing it into plaintiff's right-of-way. Gille testified, as corroborated by a coworker who witnessed the accident, that he had appropriately slowed his vehicle and activated his turn signal before coming to a stop across from his employer's driveway. Defendants argue that Cary admitted to observing Gille's [*2]van gradually slow but he was following too closely to stop and to avoid the impact. Defendants highlight the fact that both their expert and plaintiff's expert admitted that Cary did not have enough distance to stop before colliding with the Gille vehicle based on Cary's admissions of speed and car lengths between him and Gille.
In opposition, plaintiff relied on the deposition testimony of Cary, who testified that Gille started to make a turn without using a directional signal or brake lights and stopped "very fast" as plaintiff's vehicle approached from the oncoming lane. Cary averred that, at the moment of impact, Gille was turning and that his vehicle was at an angle pointed toward the left with its front wheels pointed to the left. Cary reasoned that Gille misjudged the amount of time that he had to make the turn before plaintiff's vehicle reached the intersection and "slammed on the brakes." Cary's testimony was supported by plaintiff's expert, who performed an accident reconstruction and opined that Gille had started his turn with his wheels facing left but stopped. Although Cary was following too closely, plaintiff's expert attributed fault to Gille for not coming to a "normal, gradual stop." Even though defendants' expert averred that, because Cary hit the Gille vehicle on the right side such that it was pushed in a way that it went left across the roadway, Cary's conflicting testimony of Gille's operation of his vehicle, as well as plaintiff's expert report,[FN1] "when viewed in the light most favorable to plaintiff and affording him the benefit of every favorable inference" (Bell v Brown, 152 AD3d at 1115 [internal quotation marks and citation omitted]), demonstrates a triable issue of fact as to whether a nonnegligent explanation exists for the rear-end collision (see Altman v Shaw, 184 AD3d at 999-1000; Kesick v Burns-Leader, 169 AD3d at 1315). Accordingly, Supreme Court properly denied defendants' motion for summary judgment.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: We find no merit in defendants' argument that the report of plaintiff's expert was speculative, and, notwithstanding, such a finding would not have changed our disposition.