Campney v Hatch (2024 NY Slip Op 03574)

Campney v Hatch

2024 NY Slip Op 03574

Decided on July 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2024

CV-23-2197
[*1]Cindy A. Campney, Appellant,
v
Terry D. Hatch et al., Respondents.

Calendar Date:May 28, 2024

Before:Garry, P.J., Egan Jr., Lynch, Fisher and Powers, JJ.

William Mattar, PC, Rochester (Matthew J. Kaiser of counsel), for appellant.
Penino & Moynihan, LLP, White Plains (Nicole M. Massi of counsel), for respondents.

Powers, J.
Appeal from an order of the Supreme Court (Richard J. McNally Jr., J.), entered November 6, 2023 in Rensselaer County, which, among other things, denied plaintiff's motion for partial summary judgment.
On December 10, 2021, the vehicle in which plaintiff was a rear-seat passenger was stopped behind another vehicle on a Vermont roadway when it was rear-ended by a third vehicle operated by defendant Emily Hatch (hereinafter Hatch) and owned by defendant Terry D. Hatch. As a result of the accident, plaintiff suffered personal injuries and, in February 2022, commenced this personal injury action based in negligence. Defendants answered asserting various affirmative defenses and, in response, plaintiff moved for summary judgment seeking to strike certain affirmative defenses and for judgment in her favor on the issue of liability. Although the accident itself established a prima facie case of negligence, Supreme Court found there to be an issue of fact as to whether there was a nonnegligent explanation for the collision and denied plaintiff's motion on the issue of liability. Likewise, the court denied plaintiff's motion seeking to strike the affirmative defense of comparative fault, indicating that the contradictory testimony as to whether the stop light was green or red presented a question of fact on this issue. Plaintiff appeals.
"[W]hen a moving vehicle is involved in a rear-end collision with a stopped vehicle, a prima facie case of negligence exists that must be rebutted by an adequate, nonnegligent explanation for the collision" (Haring v Gille, 204 AD3d 1123, 1124 [3d Dept 2022] [internal quotation marks and citations omitted]; see Gitman v Martinez, 169 AD3d 1283, 1285 [3d Dept 2019]). "As relevant here, evidence that the vehicle which was rear-ended came to a sudden and abrupt stop will defeat summary judgment" (Bell v Brown, 152 AD3d 1114, 1115 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; see Kesick v Burns-Leader, 169 AD3d 1313, 1314 [3d Dept 2019]).[FN1]
The rear-end collision at issue here established a prima facie case of negligence against defendants and, therefore, the burden shifted to them to submit proof that there was a nonnegligent reason for the accident. Relying upon the proof submitted by plaintiff, defendants argued that Hatch was presented with a sudden and abrupt stop, and that her actions were reasonable under the emergency circumstances with which she was presented. However, viewing the proof in the light most favorable to defendants as the nonmoving party, defendants failed to establish that the vehicle in which plaintiff was a passenger came to a sudden and abrupt stop. During her deposition, plaintiff described that the collision occurred on a clear, dry day while the vehicle she was riding in was stopped at a red light on a two-lane road. According to plaintiff, they pulled up to the light and were stopped behind the vehicle in front of them for more than a minute — during which time the light [*2]in question did not change from red — before they were struck from the rear. Hatch, on the other hand, described the light to be green and that the first vehicle at the light had its turn signal initiated demonstrating an intention to make a left-hand turn, despite signage indicating that such was not permitted at the intersection. According to her own testimony, Hatch took her eyes off the road for an undetermined length of time and, when she looked back at the road, she believed "[t]he truck was going to turn, so [she] took [her] foot off the brake." However, the truck did not turn "right away" and she "went to" put her foot back on the brake and, as she attempted to do so, her foot became "stuck between [the] brake pedal and [the] gas pedal." Hatch's vehicle then collided with the vehicle in which plaintiff was a passenger.
Despite the inconsistencies in the testimony regarding whether the light was red or green at the time of the collision, Hatch's testimony fails to establish that there was a sudden and abrupt stop by either vehicle that was in front of her. Rather, the testimony indicates that both vehicles were at a complete stop and had not begun to move at the time the collision occurred. This proof, viewed in the light most favorable to defendants and affording them the benefit of every favorable inference, fails to demonstrate a triable issue of fact as to whether a nonnegligent explanation exists for the rear-end collision (see Catanzaro v Edery, 172 AD3d 995, 997 [2d Dept 2019]; Rodriguez-Johnson v Hunt, 279 AD2d 781, 783 [3d Dept 2001]; cf. Appollonia v Bonse, 92 AD3d 1170, 1172 [3d Dept 2012]). As such, Supreme Court erred in denying plaintiff's motion for summary judgment on the issue of liability as defendants failed to rebut the presumption of negligence.
Although plaintiff was not required to establish the absence of her own comparative negligence to obtain summary judgment in her favor on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312, 317-319 [2018]; Schleede v State of New York, 170 AD3d 1400, 1402 [3d Dept 2019]), Supreme Court erred in denying her motion for summary judgment seeking to strike this affirmative defense. "The right of an innocent passenger to summary judgment on the issue of whether he or she was at fault in the happening of an accident is not restricted by potential issues of comparative negligence as between two defendant drivers" (Medina v Rodriguez, 92 AD3d 850, 850 [2d Dept 2012] [citations omitted]). Even considering the contradictory testimony as to the color of the stop light at the time of the collision, plaintiff established as a matter of law that she was free from fault in the causation of the collision as the rear-seat passenger, and defendants failed to raise a material question of fact in opposition (see generally Rodriguez v Farrell, 115 AD3d 929, 930 [2d Dept 2014]; Anzel v Pistorino, 105 AD3d 784, 786 [2d Dept 2013]). Although defendants could file a third-party action [*3]against the driver of plaintiff's vehicle seeking contribution and/or indemnification based upon comparative negligence, they have not done so (see generally Rodriguez v City of New York, 31 NY3d at 317-319; Thompson v Brown, 167 AD3d 1310, 1311 [3d Dept 2018]). Accordingly, based upon the foregoing, Supreme Court erred in failing to grant plaintiff's motion in full.
Garry, P.J., Egan Jr., Lynch and Fisher, JJ., concur.
Ordered that the order is reversed, on the law, with costs, and motion granted.

Footnotes

Footnote 1: Where the "tort law at issue regulates primary conduct, the law of the place of the tort's commission will typically govern" (Eccles v Shamrock Capital Advisors, LLC, ___ NY3d ___, ___, 2024 NY Slip Op 02841, *5 [2024] [internal quotation marks, brackets and citation omitted]). However, "[t]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]). Here the parties do not assert any such conflict and our review of the relevant law confirms as much. Pursuant to Vermont law, "[t]he driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon, and the conditions of, the highway" (Vt Stat Ann tit 23, § 1039 [a]; see also Young v Lamson, 160 A2d 873, 876 [Vt 1960]; see generally Marasch v Trepanier, 2011 WL 6003862, *2, 2011 Vt Unpub LEXIS 213, *4-5 [Vt 2011]; Warner v Swenor, 2002 WL 34424329, *2 [Vt 2002]). Moreover, "proof of the violation of a safety statute creates a prima facie case of negligence . . . rais[ing] a rebuttable presumption of negligence [that] shifts the burden of production to the party against whom the presumption operates" (Bacon v Lascelles, 165 Vt 214, 222, 678 A2d 902, 907 [Vt 1996]; see Trotier v Bassett, 174 Vt 520, 522, 811 A2d 166, 169 [Vt 2002]).