■ JOHN CVIK, JR., Appellant, v. EDWARD M. TWINING, Respondent.— Appeal from a judgment of the Supreme Court, Broome County, entered upon a verdict of no cause of action and from an order denying plaintiff's motion to set aside the verdict and for a new trial, in a negligence action brought to recover for personal injuries sustained by plaintiff when the taxicab which he was operating in an easterly direction on Eldridge Street in the City of Binghamton, and which had stopped preparatory to discharging a passenger a few feet westerly of the southwesterly corner of Eldridge and Chenango Streets, was in collision with an automobile operated by defendant, which was proceeding in the same direction on Eldridge Street, behind plaintiff. The jury was clearly entitled to accept defendant's testimony and upon appraisal thereof and upon consideration of the testimony of plaintiff unfavorable to his own case, to find contributory negligence on plaintiff's part in failing to warn of an abrupt stop upon an icy surface and at an intersection, against a green light in conformity with which some traffic, at least, was moving both east and west, and in failing under these circumstances, and particularly when stopping so as partially to obstruct passage of eastbound traffic, to make any observation of eastbound traffic to his rear. (Vehicle and Traffic Law, § 83, subd. 1, in effect Feb. 10, 1958; *Cyr* v. *McGrath*, 8 A D 2d 898; *Bacon* v. *Rochester Tr. Corp.*, 1 A D 2d 759; *Miller* v. *Perroni*, 249 App. Div. 763.) In *Severance* v. *Meade* (12 A D 2d 870), upon which appellant mistakenly relies, the negligence of the defendant-respondent in colliding with the rear of the car operated by plaintiff-appellant was found by us to be " clear " and had, in fact, been established by the verdict in a companion action; but although appellant did come to an abrupt stop, she was confronted with an emergency situation and, as we pointed out, was able to stop (as respondent was not) without striking the car directly ahead of her in the suddenly halted line of traffic; and it is rather plain that performance by her, within the limited time, of the acts of warning and of observation which plaintiff in the case before us omitted would not have avoided the accident. We do not pass upon the issue of defendant's negligence. Judgment and order unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.