■ MARIE A. CROWLEY et al., Plaintiffs, v MARY F. ACAMPORA et al., Defendants and Third-Party Plaintiffs-Respondents. NOREEN CROWLEY, Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injuries arising out of a motor vehicle accident, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered June 24, 1986, which denied her motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

On January 4, 1984, the plaintiff Marie Ann Crowley was a passenger in a car owned by her husband, the plaintiff Michael Crowley, and operated by the plaintiffs' daughter, the third-party defendant Noreen Crowley. The car was struck in the rear by a car owned by the defendant Michael Acampora and driven by the defendant Mary Acampora.

The plaintiffs commenced this action against the defendants for damages arising from Mrs. Crowley's injuries. The defendants commenced a third-party action against Noreen Crowley, the driver of the car in which the plaintiff Marie Crowley was a passenger.

Subsequently, the third-party defendant moved for summary judgment and dismissal of the third-party complaint. Submitted in support of the motion was the third-party defendant's affidavit and testimony from the examination before trial of the plaintiff Marie Crowley attesting to the stopping of their car and that the left turn signal was activated.

The defendants opposed the motion by submitting the affidavit of the defendant Mary Acampora and her daughter, a passenger in the car, which stated that they observed the Crowley vehicle about 1½ car lengths ahead of them come to a stop in the roadway but did not see any turn signal.

We agree with the Supreme Court's determination that questions of fact exist concerning the negligence, if any, of the third-party defendant. Contrary to the third-party defendant's contention, Mary Acampora's negligence and her own freedom from comparative negligence have not been established as a matter of law. Conflicting evidence was presented as to

whether the accident was caused by the manner in which Mary Acampora was operating her car or by the failure of the third-party defendant to give proper signals as she stopped to make a left turn. A triable issue of fact exists as to whether the third-party defendant complied with Vehicle and Traffic Law § 1163 (see, Romeo v Haranek, 15 AD2d 588; Cvik v Twining, 13 AD2d 853).

As there are undetermined issues of fact concerning the reasonableness of the third-party defendant's conduct under the circumstances, as well as questions regarding the extent to which the third-party defendant's behavior may have contributed to the accident, the granting of summary judgment to the third-party defendant would not have been appropriate (see, Rios v Nicoletta, 119 AD2d 562). Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.