■ JOAN M. GAGE et al., Respondents, v GREGG S. RAFFENSPERGER et al., Appellants. [651 NYS2d 214] —Mikoll, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered December 11, 1995 in Albany County, which granted plaintiffs' motion for partial summary judgment on the issue of liability.

The issue here is whether Supreme Court erred in disallowing defendants' request to interpose the emergency doctrine. Plaintiff Joan Gage (hereinafter plaintiff) was injured as a result of a rear-end collision between the vehicle driven by her and owned by plaintiff Howard K. Gage and that driven by defendant Gregg S. Raffensperger (hereinafter defendant) and owned by defendant Tombstone Pizza Corporation. It is uncontroverted that plaintiff signaled a left turn some 200 feet before bringing her vehicle to a stop and, while awaiting a chance to turn into her driveway, was struck by defendant. Defendant stated that he had been following plaintiff for some distance at 30 to 35 miles per hour, that he had taken his eyes off the road to look in his rear view mirror and, after looking back, he was unable to stop because he encountered an ice patch causing his car to slide into the rear of plaintiff's vehicle. Defendant argues that the unexpected appearance of ice on the road created an emergency situation making it impossible for him to stop and to avoid the collision, and that Supreme Court erred in granting summary judgment to plaintiffs because the question of liability is one of fact which should be referred to the jury for resolution.

Striking a vehicle in the rear is negligence as a matter of

law absent a sufficient excuse (*see, Countermine v Galka*, 189 AD2d 1043, 1044). A driver of a vehicle must drive his car in the exercise of a duty to see what should be seen and in the exercise of reasonable care to avoid the happening of an accident (*see, DeAngelis v Kirschner*, 171 AD2d 593, 595).

Defendant's explanation in this case is insufficient to raise a triable issue of fact as to liability. Defendant was required to maintain a safe rate of speed and a reasonable distance between his vehicle and that of plaintiff so as to maintain control thereof and to avoid colliding with the other car. Here defendant, by his own testimony, was traveling between 30 to 35 miles per hour on icy roads. He should have been aware of the possibility of icy conditions ahead. The emergency doctrine is only applicable when a party is confronted by sudden, unforeseeable occurrence not of their own making (*see, Herbert v Morgan Drive-A-Way*, 85 NY2d 895). Under these circumstances, Supreme Court properly found that the emergency doctrine could not be invoked by defendant and properly granted plaintiffs summary judgment on the question of liability.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.