■ AUDREY ROBERTS, Respondent, v JASON HALL et al., Respondents, and NANCY PAONE, Appellant. [669 NYS2d 745]

—Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered April 1, 1997 in Rensselaer County, which denied defendant Nancy Paone's motion for summary judgment dismissing the complaint against her.

Plaintiff, a passenger in defendant Nancy Paone's vehicle, commenced this action for injuries she allegedly sustained when Paone's vehicle, which had stopped at a traffic light, was struck from behind by a vehicle operated by defendant Jason Hall. Paone moved for summary judgment dismissing the complaint against her, contending that the accident was caused solely by the negligence of Hall. Supreme Court denied the motion, finding a material, triable issue of fact as to whether Paone abruptly stopped her car as she approached a yellow traffic light, thus causing or contributing to the accident. Paone appeals.

In our view, summary judgment should have been granted to Paone. It is clear that the accident occurred after Paone's vehicle had come to a complete stop, creating a prima facie case of liability as to the driver of the vehicle which struck the Paone vehicle, and requiring said driver to rebut the inference of negligence created by the rear-end collision (*see, Masone v Westchester County*, 229 AD2d 657; *Barile v Lazzarini*, 222 AD2d 635; *Parise v Meltzer*, 204 AD2d 295). Regardless of whether Paone stopped abruptly, Hall failed to operate his vehicle with due care, which included maintaining a safe distance from the vehicle in front of him. Paone having come forward with sufficient submissions in support of her motion for summary judgment, including transcripts of the depositions of the parties, it was incumbent upon plaintiff and Hall to come forward with evidence to rebut the inference of negligence. The deposition of Hall does not constitute such evidence, particularly inasmuch as he admits having made a poor assumption that Paone was going to proceed through the traffic signal when it turned yellow.

Mercure, Crew III and White, JJ., concur.

Yesawich Jr., J. (dissenting). I respectfully dissent, for while I agree with the majority that the record justifies concluding that defendant Jason Hall was negligent, that does not foreclose a finding that defendant Nancy Paone was also at fault. That Paone may have also been negligent can be inferred from the deposition of a nonparty eyewitness, who averred that the collision occurred immediately after Paone *abruptly* stopped her car; this evidence could support a finding that she, too, failed to use due care in operating her vehicle, and that her negligence, as well as Hall's, contributed to the happening of

the accident (*cf., Lenahan v Goucher*, 111 AD2d 546, 548, *revd on dissenting mem below* 65 NY2d 1034; *Walczyk v Chresfield*, 52 AD2d 601, *affd* 42 NY2d 934; *Romeo v Haranek*, 15 AD2d 588, 589). Accordingly, I would affirm Supreme Court's order.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Nancy Paone and complaint dismissed against her.