■ ELIZABETH JONES, Respondent, v TOWN OF DELAWARE, Appellant, and CONSOLIDATED RAIL, Respondent, et al., Defendant. [674 NYS2d 499] —White, J. Appeal from an order of the Supreme Court (Graffeo, J.), entered September 8, 1997 in Sullivan County, which denied defendant Town of Delaware's motion for summary judgment dismissing the complaint against it.

Plaintiff allegedly sustained personal injuries when she fell on a sidewalk abutting defendant Consolidated Rail's property located in the Town of Delaware, Sullivan County. Subsequently, after issue was joined in this personal injury action, defendant Town of Delaware moved for summary judgment dismissing the complaint against it on the grounds that it did not receive prior written notice as required by Town Law § 65-a (2) and that it did not own or maintain the sidewalk. Supreme Court denied the motion as premature, with leave to renew upon the completion of all pretrial discovery. The Town appeals.

We affirm. Supreme Court did not abuse its discretion in denying summary judgment, since it appears that relevant evidence plaintiff needs to oppose the motion is within the exclusive knowledge of the Town and plaintiff did not have a reasonable opportunity for disclosure prior to the motion for summary judgment (*see, DeVito v Silvernail*, 239 AD2d 824, 825-826; *Urcan v Cocarelli*, 234 AD2d 537; *Grossman v Pharmhouse Corp.*, 234 AD2d 918, 920). Additionally, the Town failed to comply with legitimate discovery demands (*see, Levy v Board of Educ.*, 232 AD2d 377, 378). We note that plaintiff's failure to provide prior written notice as required by Town Law § 65-a (2) is not necessarily fatal inasmuch as she can maintain this action if she can show that the Town had constructive notice of

the allegedly dangerous or defective sidewalk (*see, Yarshevitz v Town of N. Hempstead*, 240 AD2d 737; *Adam v Town of Oneonta*, 217 AD2d 894, 895).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.