■ BETTY A. RILEY et al., Respondents, v COUNTY OF BROOME et al., Appellants. [681 NYS2d 851] —Carpinello, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered March 20, 1998 in Broome County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Betty A. Riley (hereinafter plaintiff) suffered injuries to her right knee and abdomen as a result of a rear-end collision between her vehicle and a street sweeper owned by defendant County of Broome and operated by defendant Garwood A. Young. Plaintiff was driving on West Colesville Road in the Town of Kirkwood, Broome County, when, after cresting a hill, she encountered what appeared to be a "large patch of fog". She immediately removed her foot from the accelerator to slow down. As she drove into the "fog", she lost visibility and rear-ended the street sweeper. It was subsequently established that the "fog" was a cloud of dirt and dust created by the operation of the street sweeper. Defendants moved for summary judgment to dismiss this personal injury action on the ground that plaintiff was solely responsible for the accident. They appeal Supreme Court's order denying the motion.

We affirm. It is well established that a rear-end collision establishes a prima facie case of negligence on the part of the operator of the following vehicle and imposes upon him or her a duty of explanation (see, Jones v Egan, 252 AD2d 909; Hurley v Izzo, 248 AD2d 674; Gage v Raffensperger, 234 AD2d 751; DeCosmo v Hulse, 204 AD2d 953). A nonnegligent explanation for a collision is sufficient to overcome the inference of negligence, thereby precluding an award of summary judgment (see, Jones v Egan, supra; DeVito v Silvernail, 239 AD2d 824, 825). Upon review of plaintiffs' submissions in opposition to defendants' motion for summary judgment, we are satisfied that they raised a triable issue that the rear-end collision was not solely a result of plaintiff's negligence.

Plaintiff testified at a General Municipal Law § 50-h hearing and at an examination before trial that she did not see the street sweeper prior to impact due to the cloud of dust and dirt, which appeared to her to be fog, nor did she observe the illumination of any lights or flashers (cf., Johnston v El-Deiry, 230 AD2d 715). To this end, we note that a witness who came upon the scene shortly after the accident affirmed in a written statement that she was unable to see through the huge cloud of dust in the roadway, which to her appeared to be a house on fire. Young himself testified at an examination before trial that

he was unable to see beyond the rear portion of the sweeper in his rearview mirror because of the dust. Moreover, it is undisputed that Young placed only one "Men Working" sign on West Colesville Road to warn motorists of his street-sweeping activity and that plaintiff entered the road west of the location of this sign. Under these circumstances, we find that plaintiffs have established a sufficiently nonnegligent explanation for the accident to rebut the inference of negligence, thereby precluding summary judgment (*see, Hurley v Izzo, supra; DeCosmo v Hulse, supra; DeVito v Silvernail, supra; see generally, Sorensen v Nazarian,* 175 AD2d 417, 418).

We have reviewed the parties' remaining contentions and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.