■ Iris Rodriguez-Johnson, Respondent, v William P. Hunt et al., Appellants. [718 NYS2d 501] —Crew III, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered December 9, 1999 in Albany County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

On September 30, 1996, as plaintiff was travelling westbound on Interstate Route 90 in Albany County, a tractor-trailer turnover forced plaintiff to bring her vehicle to a stop in traffic. Shortly thereafter, plaintiff was rear-ended by a vehicle owned by defendant Team Fleet Financing Corporation and operated by defendant William P. Hunt. Plaintiff subsequently commenced this action seeking to recover for property damage and personal injuries sustained during the course of the accident. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability. Supreme Court granted plaintiff's motion, prompting this appeal by defendants.

We affirm. "It is well settled that where a vehicle is lawfully stopped, there is a duty imposed upon the operators of vehicles traveling behind it in the same direction to come to a timely halt [citation omitted]" (*Parise v Meltzer*, 204 AD2d 295; *see, Masone v Westchester County*, 229 AD2d 657, 658). Thus, "[a]

rear-end collision with a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes upon him or her a duty of explanation" (*Jones v Egan*, 252 AD2d 909, 911; *see*, *Riley v County of Broome*, 256 AD2d 899). A nonnegligent explanation for the collision, such as mechanical failure or the sudden and abrupt stop of the vehicle ahead, is sufficient to overcome the inference of negligence and preclude an award of summary judgment (*see*, *Riley v County of Broome*, *supra*; *see also*, *Barile v Lazzarini*, 222 AD2d 635, 636).

Here, plaintiff's submissions, including her examination before trial testimony describing the circumstances surrounding the accident, are sufficient to satisfy her initial burden on the motion for partial summary judgment. In opposition, Hunt averred that the brake lights on plaintiff's vehicle were not operating on the day of the accident and, as such, he was not able to observe that she was stopped until it was too late to avoid the collision. It is significant to note, however, that no mention of this alleged mechanical defect was made in the police report, Hunt offered no testimony on this point at his examination before trial and no expert affidavit or other documentary evidence was offered in support of this claim. As such, Hunt's conclusory assertion that the brake lights on plaintiff's vehicle were inoperable, unsubstantiated by any other evidence in the record, is insufficient to defeat plaintiff's motion for partial summary judgment.

Equally unpersuasive is Hunt's contention that plaintiff's own examination before trial testimony establishes that he was confronted with a sudden and abrupt stop, thereby furnishing a nonnegligent explanation for the accident. While it is true that this Court has held that a plaintiff's alleged sudden stop provides a nonnegligent explanation for a rear-end collision sufficient to overcome the inference of negligence and preclude an award of summary judgment (*see*, *Mohamed v Town of Niskayuna*, 267 AD2d 909; *Tripp v GELCO Corp.*, 260 AD2d 925; *Jones v Egan*, 252 AD2d 909, *supra*), we find that the record as a whole fails to establish the existence of such an explanation here. To be sure, plaintiff did testify at her examination before trial that traffic stopped suddenly; she also testified, however, that she was at a "full stop for seconds" before impact. Indeed, plaintiff's testimony reveals that she had sufficient time to look in her rear view mirror and observe Hunt bearing down on her. When asked to describe how the accident occurred, Hunt offered little more explanation than "[i]t just happened." Although Hunt elaborated that "all of a sudden

* * * everything seem[ed] to stop," at no time did he testify at his examination before trial or aver in his affidavit in opposition to plaintiff's motion that he could not avoid colliding with plaintiff due to her sudden and abrupt stop.

Under such circumstances, we find the admittedly sudden nature of the accident insufficient to explain Hunt's conduct and defeat plaintiff's motion. Accordingly, Supreme Court's order is affirmed. Defendants' remaining arguments in support of reversal, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.