■ Newton S. Jaycox et al., Appellants, v Robert L. Hardesty et al., Respondents. [759 NYS2d 241] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 13, 2002 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

On November 8, 1999 at approximately 4:47 A.M., a vehicle operated by plaintiff Newton S. Jaycox (hereinafter plaintiff) rear-ended a stopped garbage truck operated by defendant Robert L. Hardesty (hereinafter defendant) and owned by defendant Hardesty & Sons Sanitation, Inc. Plaintiff, and his wife derivatively, commenced this action seeking damages for the injuries he sustained as a result of the collision. Following joinder of issue and some discovery, defendants moved for summary judgment alleging that plaintiff's own negligence caused the collision. Supreme Court granted defendants' motion, prompting this appeal.

Although it was dark at the time of the accident, the weather was clear, the roads were dry, and the accident occurred on a portion of the roadway which was straight and level. Plaintiff testified that he had his high-beam lights on and could see no less than 10 car lengths ahead of him, but that three to four seconds before the impact, he was looking in his side-view mirror to see if a police car was following him. Defendant contended that he was situated on the shoulder of the road with appropriate lights illuminated while a worker was emptying trash at a residential stop.

The rear-end collision established a prima facie case of negligence, imposing a duty upon plaintiffs to provide a non-negligent explanation (*see Riley v County of Broome,* 256 AD2d 899, 899 [1998]; *Masone v Westchester County,* 229 AD2d 657, 659 [1996]; *Barile v Lazzarini,* 222 AD2d 635, 636 [1995]). In our view, this burden was not sustained. Plaintiff asserts that after impact, the garbage truck was protruding from the shoulder of the road, but plaintiffs produced no evidence to support the contention that it was protruding prior to the impact or how any of the mandates of Vehicle and Traffic Law § 1201 were violated (*cf. Bikowicz v La Bombard,* 212 AD2d 866, 867 [1995]). Instead, plaintiff testified that he did not see the garbage truck before impact since he was gazing into his side-view mirror at the time.

Similarly unavailing is the contention that defendant was negligent in his failure to utilize the truck's emergency lights. According to defendant, immediately prior to the accident, all of the exterior vehicle lights were on, including, among other things, headlights, overhead lights on the cab in front of the vehicle, side clearance lights, right and left back clearance lights and hazard lights both at the top of the truck and on either side. He also testified that at the time of impact, his four-way flashers were operating and there were lights inside the trash hopper which illuminated the area where the worker was depositing trash. Hence, plaintiffs' unsubstantiated assertions are insufficient to defeat this motion (*see Masone v Westchester County, supra* at 659), since plaintiff was obligated to " 'see what by the proper use of [his] senses [he] might have seen' " (*O'Hara v Tonner,* 288 AD2d 513, 515 [2001], quoting *Weigand v United Traction Co.,* 221 NY 39, 42 [1917]; *see Colaruotolo v Crowley,* 290 AD2d 863, 864 [2002]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.