■ NATIONAL INTERSTATE, as Subrogee of UPSTATE TRANSIT, INC., Respondent, v A.J. MURPHY COMPANY, INC., et al., Appellants. (And a Third-Party Action.) (Action No. 1.) [780 NYS2d 430]—

Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 11, 2003 in Saratoga County, which, inter alia, granted certain parties' cross motion for partial summary judgment on the issue of liability.

These cases stem from a multiple motor vehicle accident on Interstate 87, a three lane highway, in Saratoga County during a January 1999 snowstorm. The essential facts are not in dispute. Two Upstate Transit, Inc. buses were traveling southbound, one behind the other, on the afternoon in question. The lead bus was being operated by George M. McCormick while the second bus was operated by Charles P. Foster. A tractor trailer driven by Walter H. Cookson rear-ended Foster's bus which, in turn, was propelled into McCormick's bus. At issue on appeal is an award of summary judgment to Foster, McCormick, Upstate and Upstate's subrogee on the ground that Cookson's

actions were the sole, proximate cause of the damage to the two Upstate buses. Cookson, his employer and his employer's subrogee (hereinafter collectively referred to as defendants) now appeal.

The rear-end collision between Cookson and Foster established a prima facie case of negligence on the part of Cookson and imposed a duty of explanation upon defendants (*see e.g. Jaycox v Hardesty*, 305 AD2d 720, 721 [2003]; *Riley v County of Broome*, 256 AD2d 899 [1998]; *Warren v Donovan*, 254 AD2d 201 [1998]; *Gage v Raffensperger*, 234 AD2d 751, 751-752 [1996]). Defendants argue that Cookson was not the sole proximate cause of the damage to the two Upstate buses, relying on perceived questions of fact concerning how the accident occurred, and further claim that they did in fact offer a nonnegligent excuse for the accident. Upon our review of the record, we are unpersuaded by both contentions (*cf. Riley v County of Broome, supra*); therefore, we affirm.

According to McCormick, he was in the center lane of traffic that afternoon because the other two lanes were covered with snow. There were whiteout conditions on the highway. Traveling between 30 and 35 miles per hour, he noticed a car spinning out of control in the right lane ahead of him. This prompted him to move into the left lane. He was able to do so safely. Observing vehicles on the left shoulder of the road, McCormick slowed his bus. Shortly thereafter, he was impacted by Foster's bus.

Foster's testimony was consistent with that of McCormick. According to Foster, he was five to six bus-lengths behind McCormick in the center lane of traffic during near whiteout conditions when he observed McCormick move into the left lane. Anticipating a problem, Foster slowed and, shortly thereafter, was rear-ended by Cookson. The rear-end impact from the tractor trailer propelled his bus into McCormick's bus.

According to Cookson, a few miles before the accident, he began experiencing inclement weather and snowy road conditions. Cookson testified that he was traveling in the center lane at 50 miles per hour when he observed the vehicle ahead of him apply its brakes. This prompted him to move to the left. Having slowed to about 30 miles per hour, he observed Foster's bus and attempted to avoid a collision but was unable to do so. Again, this time according to Cookson himself, his tractor trailer struck the rear end of Foster's bus.

In our view, Cookson's explanation of the accident failed to provide a nonnegligent excuse for the rear-end collision. As noted in *Gage v Raffensperger* (*supra* at 752), "[a] driver of a

vehicle must drive his car in the exercise of a duty to see what should be seen and in the exercise of reasonable care to avoid the happening of an accident." Thus, Cookson was required to maintain a reasonable rate of speed and shift lanes only if he could safely do so, i.e., still maintain a safe distance between his vehicle and Foster's bus (*see id.*; *see also Rodriguez v City of New York*, 259 AD2d 280 [1999]), particularly given the "known adverse road [and weather] conditions" (*Warren v Donovan*, 254 AD2d 201, 201 [1998], *supra*; *see Mitchell v Gonzalez*, 269 AD2d 250, 251 [2000]; *Young v City of New York*, 113 AD2d 833, 834 [1985]). Despite the adverse conditions that afternoon, Cookson was traveling 50 miles per hour just prior to the accident and only slowed to 30 miles per hour at the time of the attempted lane shift. While he tried to correct his unsafe lane change, he was unable to do so and rear-ended Foster's bus. Under these circumstances, we conclude that Cookson's conduct was the sole, proximate cause of the accident such that summary judgment was properly granted to Foster, McCormick, Upstate and Upstate's subrogee (*see Mitchell v Gonzalez, supra*; *Gage v Raffensperger, supra*).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.