■ MARIE E. PAMPRIS et al., Appellants, v BRIAN EGNASHER, as Executor of MARY EGNASHER, Deceased, Respondent. [799 NYS2d 309]—

Spain, J. Appeal from an order of the Supreme Court (Spargo, J.), entered May 18, 2004 in Greene County, which denied plaintiffs' motion for summary judgment.

This action arises out of a June 5, 2002 motor vehicle accident which occurred in the Town of Stockport, Columbia County, when a vehicle operated by Mary Egnasher (hereinafter decedent)* struck a vehicle operated by plaintiff Marie E. Pampris (hereinafter plaintiff) from behind as she sat stopped at a traffic light on State Route 9. As a result, decedent was convicted of a violation of Vehicle and Traffic Law § 1129 (a) for following too closely. Thereafter, plaintiff and her husband, derivatively, commenced this action alleging that plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d) as a result of decedent's negligence. Prior to answering decedent's demand for a bill of particulars and discovery, plaintiffs moved for summary judgment. Supreme Court denied the motion as premature, given the outstanding discovery requests. Plaintiffs appeal.

On the issue of fault for the accident, we agree with plaintiffs that summary judgment should have been granted. "As a general rule, a rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the following vehicle, imposing a duty of explanation" (*Nichols v Turner*, 6 AD3d 1009, 1012 [2004] [citation omitted]; *see Hubert v Tripaldi*, 307 AD2d 692, 694 [2003]). Here, undisputed evidence exists that decedent rear-ended plaintiff's vehicle and, by decedent's admission, this occurred when she was distracted from the road because she was reaching for something in the seat of her vehicle. Under these circumstances, a prima facie case of negligence is established, placing the burden on decedent

---

* During the pendency of this appeal, Mary Egnasher died and her son was substituted as defendant in this action.

to provide a nonnegligent explanation for the accident. In her opposition papers, with respect to the issue of fault, decedent asserts only that she had not yet had the opportunity to question any witnesses to the accident, without suggesting what nonnegligent excuse might be gleaned from such witnesses. A party opposing summary judgment on the basis that further discovery is necessary "must demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge; [and] mere speculation will be insufficient" (*Scofield v Trustees of Union Coll.*, 267 AD2d 651, 652 [1999] [citations omitted]). As decedent failed to proffer any facts within plaintiffs' exclusive knowledge which might provide an alternate explanation for the accident, plaintiffs are entitled to summary judgment on the issue of fault for any injury arising from the accident.

On the other hand, we conclude that Supreme Court properly denied summary judgment to plaintiffs on the issue of serious injury. Significantly, plaintiff was involved in a similar automobile accident in July 2001 and the affidavit and reports of the neurosurgeon who performed surgery on plaintiff following the accident do not conclusively establish that no part of plaintiff's claimed injuries were the result of the prior accident. Given these questions of fact on the issue of causation, as well as the outstanding discovery including, in particular, that plaintiff has not yet been deposed or undergone an independent medical examination, we concur with Supreme Court that plaintiffs' motion with respect to the issue of serious injury is premature (*see Jones v Town of Delaware*, 251 AD2d 876, 876 [1998]; *DeVito v Silvernail*, 239 AD2d 824, 825-826 [1997]).

Peters, J.P., Rose and Kane, JJ., concur.

Mugglin, J. (concurring in part and dissenting in part). I respectfully dissent in part. Under the circumstances presented here, where *plaintiffs* have moved for partial summary judgment on both the issue of fault and the serious injury issue before any discovery has been conducted, I would affirm Supreme Court's order to deny both motions with leave to renew upon completion of discovery. While I agree that there is little doubt that Mary Egnasher's negligent conduct was the sole cause of this collision, that issue becomes purely academic if defendant can establish as a matter of law that plaintiff Marie E. Pampris sustained no serious injury in this accident (*see* Insurance Law § 5104; *see also Licari v Elliott*, 57 NY2d 230, 237 [1982]).

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion on the

issue of fault; motion granted to that extent and partial summary judgment awarded to plaintiffs on the issue of fault; and, as so modified, affirmed.