KATHLEEN M. FORGET, Appellant, v KATHRYN L. SMITH, Also Known as KATHRYN L. QUILES, Respondent. [835 NYS2d 490]—

Mercure, J.P. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered February 1, 2006 in Ulster County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered July 2, 2006 in Ulster County, which denied plaintiff's motion to, inter alia, vacate the judgment.

Plaintiff commenced this action after sustaining personal injuries when the vehicle in which she was a passenger was struck in the rear by defendant's van in November 2001. The accident occurred after plaintiff's daughter, who was driving their vehicle, was forced to stop suddenly when several deer walked into the road. Defendant "slammed" on her brakes but was unable to stop before skidding into the rear of plaintiff's vehicle.

The action proceeded to a jury trial on the issue of liability and, at the close of her case, plaintiff moved for a directed verdict. Supreme Court reserved decision and the jury thereafter rendered a verdict in favor of defendant. Plaintiff then renewed her motion for a directed verdict or, in the alternative, moved to vacate the jury's verdict as against the weight of the evidence. Supreme Court denied the motion and plaintiff now appeals.

We affirm. A directed verdict is appropriate only when, "upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Gibson v Tsandikos*, 23 AD3d 801, 802 [2005]). As plaintiff asserts, the evidence of defendant's rear-end collision with plaintiff's stopped vehicle created a prima facie case of negligence, imposing a duty of explanation upon defendant (*see Pampris v Egnasher*, 20 AD3d 746, 746 [2005]; *Rodriguez-Johnson v Hunt*, 279 AD2d 781, 781-782 [2001]). This Court has held, however, that "a plaintiff's . . . sudden stop provides a nonnegligent explanation for a rear-end collision sufficient to overcome" a prima facie case of negligence (*Rodriguez-Johnson v Hunt, supra* at 782), particularly where there is no evidence that anything

other than the abrupt stop caused the collision, or the sudden stop was unexplained or was undertaken without proper signaling (*see id.*; *Jones v Egan*, 252 AD2d 909, 911 [1998]; *see also Brooks v High St. Professional Bldg., Inc.*, 34 AD3d 1265, 1266 [2006]; *Gaeta v Carter*, 6 AD3d 576, 576-577 [2004]; *Chepel v Meyers*, 306 AD2d 235, 236-237 [2003]; *cf. Nichols v Turner*, 6 AD3d 1009, 1012-1013 [2004]; *Roberts v Hall*, 248 AD2d 845, 846 [1998]).

The evidence presented at trial indicated that plaintiff's daughter stopped abruptly to avoid deer entering the road. The stop was made without warning to defendant, who immediately applied her brakes, causing her car to skid and tires to screech despite the fact that she had not been speeding. Defendant testified that she had not been tailgating plaintiff's vehicle and that she did not see the deer until after she had applied her brakes and began skidding toward the vehicle. Viewing this evidence in a light most favorable to defendant (*see Szczerbiak v Pilat, supra* at 556), we conclude that there was a rational process by which the jury could find in her favor (*see Chepel v Meyers, supra* at 237; *Jones v Egan, supra* at 911; *cf. Nichols v Turner, supra* at 1012-1013; *Rodriguez-Johnson v Hunt, supra* at 782-783; *Danza v Longieliere*, 256 AD2d 434, 435 [1998], *lv dismissed* 93 NY2d 957 [1999]). Moreover, according deference to the jury's credibility determinations, it cannot be said that "the evidence so preponderate[d] in favor of . . . [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence," and Supreme Court properly refused to set aside the verdict (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks and citations omitted]).

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, without costs.