■ BARBARA WOODS et al., Respondents, v CHERYL JOHNSON et al., Appellants. [843 NYS2d 862]—

Mugglin, J. Appeal from an order of the Supreme Court (Work, J.), entered July 7, 2006 in Ulster County, which, among other things, granted plaintiffs' cross motion for summary judgment.

In this personal injury action arising out of a rear-end collision in January 2003, defendants sought summary judgment dismissing the complaint contending that plaintiff Barbara Woods (hereinafter plaintiff) did not suffer a serious injury causally related to the accident. Plaintiffs cross-moved for summary judgment on the issues of liability and serious injury. Supreme Court denied defendants' motions and granted plaintiffs' cross motion. Defendants appeal.

First, we affirm Supreme Court's grant of summary judgment to plaintiffs on the issue of liability. It is undisputed that plaintiff, who was stopped for a school bus loading passengers in the oncoming lane, was struck from behind by a vehicle driven by defendant Cheryl Johnson. Although defendants allude to the possible existence of ice on the roadway, they offer no evidence of this condition at the time of the accident. Conjecture and speculation as to a cause of the accident other than Johnson's negligence is insufficient to preclude summary judgment. As a general rule, a rear-end collision with a stopped vehicle creates a prima facie case of negligence (see *Pampris v Egnasher*, 20 AD3d 746, 746 [2005]) and the submissions of defendants have created no issue of fact (see *Forget v Smith*, 39 AD3d 1127, 1127 [2007]; *Pugh v DeSantis*, 37 AD3d 1026, 1030-1031 [2007]; *Pampris v Egnasher*, 20 AD3d at 746; *Nichols v Turner*, 6 AD3d 1009, 1012 [2004]).

On the issue of serious injury, Supreme Court decided that defendants failed to establish entitlement to summary judgment dismissing the complaint but that plaintiffs' submissions were adequate to sustain their burden of establishing entitlement to summary judgment as a matter of law that plaintiff sustained a serious injury in this motor vehicle accident. We conclude that neither plaintiffs nor defendants are entitled to summary judgment on this issue. Plaintiff drove herself from the accident scene and resumed work as an obstetrics nurse within a few

days following the accident. She did not seek medical attention until 12 days postaccident. Her treating orthopedic surgeon examined her and had cervical spine X rays taken as well as an MRI performed on her cervical spine. While the X rays revealed a mild reversal of the spine curvature which could be caused by muscle spasm, neither the X rays nor the MRI revealed any fracture or subluxation. The MRI study did reveal disc protrusions, none of which affected nerve roots. The ultimate diagnosis was whiplash type injury with neck sprain. It was not until January 13, 2004, nearly one year after the accident, that plaintiff was seen by another orthopedic surgeon. An X ray done that day, while revealing no acute fracture, did reveal an "[i]rregularity and deformity of the left superior facet of C3, likely secondary to post traumatic or degenerative changes" and a CT scan the same date revealed an "[i]rregularity in the left superior facet of C3 which could represent degenerative disease or a subacute fracture." This orthopedic surgeon and his partner operated on plaintiff on May 5, 2004. During surgery, the presence of the C3 facet fracture was confirmed. While one of the surgeons diagnosed the fracture as secondary to a traumatic cervical spine injury, the other described it as "an old arthritic potentially posttraumatic joint."

In support of their motions for summary judgment, defendants Vaul Trust and GMAC Leasing Corporation submitted an affidavit of an orthopedic surgeon who performed an independent medical examination of plaintiff. In this process, he performed a physical examination of plaintiff and reviewed all of her postaccident medical records. He concluded, as did plaintiff's first treating orthopedic surgeon, that plaintiff sustained only a cervical sprain in the accident. He further concluded that plaintiff's surgical procedures were necessitated by degenerative changes and not by any trauma suffered in the accident. In sum, while there is no dispute that plaintiff suffered a fracture of the facet of her C3 vertebra, whether that fracture was caused by the motor vehicle accident, by degenerative changes in plaintiff's spine or otherwise, cannot be resolved on this record as a matter of law. Moreover, if plaintiff sustained a fracture in the motor vehicle accident, and the injury was aggravated by the physicians who operated, defendants would remain liable for the aggravation of the injury (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 82 [1986]). On the other hand, if the competent producing cause of the fracture was unrelated to the accident, defendants would not be liable for any aggravation of that injury which may have occurred during surgery.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered

that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of plaintiffs' cross motion on the issue of serious injury; said cross motion denied to that extent; and, as so modified, affirmed.