■ Lizette Johnson et al., Appellants, v First Student, Inc., et al., Respondents. [863 NYS2d 303]—

Kane, J. Appeal from a judgment of the Supreme Court (Donohue, J.), entered March 16, 2007 in Ulster County, upon a verdict rendered in favor of defendants.

Defendant P.A. Kristoferson (hereinafter defendant), who was driving a school bus owned by defendant First Student, Inc., rear-ended a vehicle driven by plaintiff Lizette Johnson (hereinafter plaintiff). Just prior to the accident, plaintiff, who had been driving in front of defendant, stopped her vehicle for traffic to pass so that she could make a left-hand turn. Plaintiff and her husband, derivatively, commenced this action to recover for injuries allegedly resulting from this accident. At the end of trial, the jury unanimously found that defendants were not negligent. Supreme Court denied plaintiffs' oral motion to set aside the verdict. Plaintiffs appeal.

The jury's verdict cannot stand. Where a moving vehicle is involved in a rear-end collision with a stopped vehicle, a prima

facie case of negligence arises against the operator of the moving vehicle, requiring that driver to provide an adequate, nonnegligent explanation for the collision (*see Nichols v Turner*, 6 AD3d 1009, 1012 [2004]; *Rodriguez-Johnson v Hunt*, 279 AD2d 781, 781-782 [2001]; *Countermine v Galka*, 189 AD2d 1043, 1044-1045 [1993]). A mechanical failure or sudden and abrupt stop of the vehicle in front can constitute a sufficient explanation to overcome the inference of negligence (*see Rodriguez-Johnson v Hunt*, 279 AD2d at 782).

It is undisputed that plaintiff's vehicle was lawfully stopped when defendants' bus approached from behind and collided with it, establishing a prima facie case of negligence. Defendants did not allege that the brakes failed; defendant testified that she inspected the brakes on the bus twice that day and did not notice any problems (*see Pincus v Cohen*, 198 AD2d 405, 406 [1993]). Testimony of plaintiff, her passenger and defendant negated any claim of an emergency situation or an abrupt stop. These witnesses all testified that plaintiff stopped and utilized her directional signal a sufficient distance prior to the turn, leaving adequate space and time for defendant to react. Defendant testified that when she came around a curve in the road, plaintiff's vehicle was 400 to 500 feet ahead of her and did not move after she first saw it. Defendant further testified that although she applied the brakes, the bus slid or skidded forward, possibly due to the wet roadway. This did not constitute an adequate explanation so as to rebut the inference of negligence, especially considering her awareness of the weather, the road conditions and the stopped vehicle some 400 feet in front of her (*see Kosinski v Sayers*, 294 AD2d 407, 408 [2002]; *Sabbagh v Shalom*, 289 AD2d 469, 469 [2001]; *Downs v Toth*, 265 AD2d 925, 925 [1999]; *Pincus v Cohen*, 198 AD2d at 406; *Benyarko v Avis Rent A Car Sys.*, 162 AD2d 572, 573 [1990]; *see also Tesiero v Kiskis*, 263 App Div 171, 173-174 [1942], *affd* 288 NY 639 [1942]). Because the only explanation for the accident involved negligence by defendant, the verdict must be set aside.

Although we agree with the dissent's determination that Supreme Court's jury instructions did not adequately provide the jury with the proper legal standard, we decline to base our decision on that argument as it was not raised on appeal (*see Matter of County of Sullivan [Basile]*, 43 AD3d 598, 599 [2007]). Even under the charge as given, however, the evidence so preponderated in favor of plaintiffs that the jury's verdict in defendants' favor could not have been reached on any fair interpretation of that evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

Had plaintiffs moved for a directed verdict, we would reverse and enter a judgment in their favor on the issue of liability. By failing to move for a directed verdict on the issue of liability, however, plaintiffs conceded that the question was one for the jury and could not be decided as a matter of law (*see Miller v Miller*, 68 NY2d 871, 873 [1986]). We are thus relegated to determining whether the verdict is against the weight of the evidence; finding that it is, we must remit for a new trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]).

Mercure, J.P., and Malone Jr., J., concur.

Rose, J. (dissenting). We respectfully dissent because we cannot agree with plaintiffs' argument that the occurrence of a rear-end collision here establishes a prima facie case of negligence against defendants, requiring them to provide an adequate, nonnegligent explanation of the accident. While it would have been appropriate for Supreme Court to have given the pattern instruction informing the jury that defendants had the burden to provide such an explanation (*see* NY PJI 2:83), the court did not do so and plaintiffs failed to object to its omission either before or after the jury charge was given. Instead, plaintiffs accepted the court's charge that plaintiffs had the burden to prove their claims of negligence and that, while the fact that defendants' bus skidded and collided with plaintiffs' car should be considered in determining whether defendant P.A. Kristoferson used reasonable care, neither the collision nor the skidding required the jury to find defendants negligent as a matter of law. Even now, plaintiffs do *not* argue that Supreme Court's charge was improper, but only that this Court should hold defendants to a burden of proof that was not conveyed to the jury.

"[P]arties to a civil litigation, in the absence of a strong countervailing public policy, may consent, formally or by their conduct, to the law to be applied" (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *see Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]; *Matter of Mallinckrodt Med. v Assessor of Town of Argyle*, 292 AD2d 721, 722 [2002]). Here, the parties accepted Supreme Court's instructions as to plaintiffs' burden of proof, and plaintiffs did not object when the court imposed no burden of proof on defendants and gave no instruction as to the inference of negligence that arises from a rear-end collision (*see e.g. Forget v Smith*, 39 AD3d 1127, 1127 [2007]). Inasmuch as the omitted instruction related to the burden of proof, rather than the standard of care, we are unable to discern any strong countervailing public policy requiring reversal (*cf. Sega v State of New York*, 89 AD2d 412, 414 n [1982], *affd* 60 NY2d 183

[1983]).* In addition, in light of the instructions that were given by Supreme Court, there is credible evidence sufficient to support the jury's finding that plaintiffs did not meet their self-imposed burden of proving their claim of negligence. In these circumstances, we should not disturb the course charted by the parties at trial and order a new trial based upon a different burden of proof injected into the case for the first time on appeal (*see Cullen v Naples*, 31 NY2d 818, 820 [1972]; *Matter of De Luca v Randall*, 285 AD2d 684, 685 [2001]; *Simone v City of Niagara Falls*, 281 AD2d 923, 923 [2001]; *Guilder v Corinth Constr. Corp.*, 235 AD2d 619, 620 [1997]; *Stram v Farrell*, 223 AD2d 260, 264 [1996]). Accordingly, we would affirm Supreme Court's judgment.

Kavanagh, J., concurs.

Ordered that the judgment is reversed, on the facts, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.

---

* As for the majority's concern that this issue was not raised on appeal, plaintiffs did so by arguing that defendants had the burden to explain the rear-end collision. Having done so, we are unwilling to inject a legal standard that plaintiffs did not seek to apply at trial.