Malone Jr., J.
Appeal from an order of the Supreme Court (Dowd, J.), entered January 14, 2008 in Chenango County, which, among other things, denied a motion by defendants Delaware Equipment Services, Inc., Construction Services of Chenango, Inc., Payne’s Cranes, Inc., John W Payne and Milo F. Knapp Jr. for summary judgment dismissing the complaints against them.
In September 2003, Gloria M. Gray, Robert E. Gray and Lisa K. Gray were traveling east on Interstate 88 in the Town of Sidney, Delaware County, in a van owned by Lisa Gray and operated by Robert Gray. The parties were all injured when the van rear-ended an escort vehicle owned by defendant Delaware Equipment Services, Inc. and operated by defendant Milo F. Knapp Jr., who was employed by defendant Construction Services of Chenango, Inc. At the time of the accident, Knapp was escorting a crane owned by defendant Payne’s Cranes, Inc. Gloria Gray thereafter commenced action No. 1 against Knapp, Delaware Equipment Services, Construction Services, Payne’s Cranes and John W Payne, who owned the three corporations (hereinafter collectively referred to as defendants), as well as Robert Gray and Lisa Gray. Lisa Gray then commenced action No. 2 against Robert Gray and defendants, and Robert Gray commenced action No. 3 against defendants. As is relevant here, defendants then moved for summary judgment dismissing the *1007 complaints against them. Supreme Court denied the motion, prompting this appeal. We now affirm, albeit on slightly different grounds.
When approaching another vehicle from behind, a driver is required to “maintain a reasonably safe rate of speed, maintain control of [his or her] vehicle and use reasonable care to avoid colliding with the other [vehicle]” (Atkinson v Safety Kleen Corp., 240 AD2d 1003, 1004 [1997]; see Vavoulis v Adler, 43 AD3d 1154, 1155 [2007]). As such, a rear-end collision establishes a prima facie case of negligence on the part of the driver and imposes a duty on him or her to come forward with a non-negligent explanation for the accident (see National Interstate v A.J. Murphy Co., Inc., 9 AD3d 714, 715 [2004]). Here, defendants established their entitlement to judgment as a matter of law by submitting evidence that the vehicle driven by Knapp was rear-ended by the Gray vehicle. In opposition, plaintiffs contended that defendants were negligent in that the escort vehicle was being operated at a dangerously slow rate of speed, without adequate warning lights, in foggy weather conditions.
Initially, plaintiffs’ claim of foggy weather conditions does not provide a sufficient nonnegligent explanation for the accident (see e.g. National Interstate v A.J. Murphy Co., Inc., 9 AD3d at 715-716; Mitchell v Gonzalez, 269 AD2d 250, 251 [2000]). Likewise, plaintiffs’ allegation that defendants were negligent because the special hauling permit for the crane was invalid due to numerous statutory and regulatory violations related to the escort vehicle is also insufficient. Even if the sections cited can be construed as creating a duty of care for the benefit of other motorists, plaintiffs failed to offer evidence that any of the alleged violations was a proximate cause of the accident (see e.g. Dance v Town of Southampton, 95 AD2d 442, 445-446 [1983]).
However, viewing the evidence in the light most favorable to plaintiffs, a question of fact exists as to whether the warning and tail lights on the escort vehicle were adequate and activated to alert other drivers of the vehicle’s slow speed. While Knapp testified that he routinely inspects and turns on the vehicle’s warning and tail lights prior to travel, Robert Gray and Lisa Gray both testified that no warning lights were visible prior to the collision and the tail lights were very dim. This testimony was sufficient to create a triable issue of fact as to whether the escort vehicle was adequately equipped with warning and tail lights and, if so, whether they were functional and activated at the time of the accident (see Silvestro v Wartella, 224 AD2d 799, 799 [1996]; compare Jaycox v Hardesty, 305 AD2d 720 [2003]; Rodriguez-Johnson v Hunt, 279 AD2d 781 [2001]). As such, *1008 Supreme Court properly denied defendants’ motion for summary judgment dismissing the complaints against them.
Finally, contrary to defendants’ contention, Supreme Court’s consideration of the affidavits of plaintiffs’ experts was not improper (see De Long v County of Erie, 60 NY2d 296, 307 [1983]).
Spain, J.E, Lahtinen, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with one bill of costs.