▬ Robert Connis, Appellant, v M.E. Menichetti, Jr., Respondent. [936 NYS2d 391]—

Spain, J.P.

Plaintiff alleges a "permanent consequential limitation of use of a body organ or member" and "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). To support his motion for summary judgment, in addition to his own testimony describing debilitating pain, mobility restrictions and efforts to manage his pain, plaintiff submitted reports from a CT scan taken after the accident and a subsequent MRI showing degenerative disc disease and bulging at the C3-4 and C4-5 levels. Plaintiff's chiropractor, his primary care physician and three other physicians, each of whom examined plaintiff, all described significant limitations in plaintiff's range of motion. The expert medical opinions submitted also provide evidence of causation, in that plaintiff was diagnosed with cervical strain resulting from the automobile accident that aggravated his preexisting degenerative disc disease.

In response, defendant did not argue that plaintiff failed to make a prima facie case, but instead creates a material issue of fact precluding summary judgment by offering evidence to undermine plaintiff's credibility. Defendant provided evidence that plaintiff misrepresented the reason that he eventually stopped working after the accident, a videotape which suggests that defendant may have a greater range of motion in his neck than he claims and various comments from doctors suggesting that plaintiff's description of pain did not always comport with their observations. Inasmuch as the medical testimony submitted relied in large measure on tests necessitating a reliance on plaintiff's subjective complaints, an assessment of plaintiff's credibility by the trier of fact is necessary before a finding of serious injury can be made. Plaintiff relies on defendant's concession that he has submitted sufficient objective medical evidence to legally sustain a finding of serious injury, but that inquiry is distinct from the factual issue of whether he has sustained a serious injury. Indeed, after a court determines in the first instance whether, as a matter of law, the plaintiff has made a prima facie showing of an Insurance Law § 5102 (d) serious injury, "it is then a question of fact for the jury"

(*Holbrook v Jamesway Corp.*, 172 AD2d 910, 910 [1991]; *see Stanavich v Pakenas*, 190 AD2d 184, 187 [1993], *lv denied* 82 NY2d 659 [1993]; *compare Horton v Warden*, 32 AD3d 570, 572-573 [2006]).

In addition, defendant provided evidence that plaintiff failed to disclose at his deposition or to his doctors that he was treated briefly for a neck injury following a car accident in 1990, thus raising a question of fact as to the validity of his doctors' assumptions regarding causation (*see Pampris v Egnasher*, 20 AD3d 746, 747 [2005]). Accordingly, because a finding of serious injury in this case necessitates reliance, in part, on plaintiff's subjective complaints, Supreme Court properly denied his motion for summary judgment on the issue of serious injury.

Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 2010 NY Slip Op 33544(U).]**