■ CASSANDRA APPOLLONIA et al., Appellants, v AUGUSTUS W. BONSE III et al., Respondents. [938 NYS2d 668]—

Egan Jr., J. 

On May 28, 2008, shortly after failing his motorcycle road test and while operating under an expired motorcycle learner's permit, plaintiff Thomas M. Appollonia climbed aboard his Kawasaki motorcycle and headed north on Wilbur Avenue in the City of Kingston, Ulster County. As Appollonia, who lived on Wilbur Avenue, came through an "S" curve in the road, he spotted a vehicle owned by defendant Augustus W. Bonse and operated by defendant Augustus W. Bonse III (hereinafter Bonse) stopped in the northbound lane at the intersection of Wilbur Avenue and Gilead Street. By his own admission, Appollonia "didn't know what to do," "panicked" and hit the brake, causing the bike to become "squirrelly" and "wobbly." Appollonia then released the brake but, before he could regain control of the bike, struck the rear of Bonse's vehicle, causing him to somersault over the handlebars and land in the road sustaining various injuries.

Appollonia and his spouse, derivatively, thereafter commenced

this action against defendants seeking to recover for the injuries sustained in the accident. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion and this appeal ensued.

We affirm. "When approaching another vehicle from behind, a driver is required to maintain a reasonably safe rate of speed, maintain control of [his or her] vehicle and use reasonable care to avoid colliding with the other [vehicle]" (*Gray v Delaware Equip. Servs., Inc.*, 56 AD3d 1006, 1007 [2008] [internal quotation marks and citations omitted]; *see Barile v Lazzarini*, 222 AD2d 635, 637 [1995]), which necessarily includes "a duty to maintain a safe distance between the two vehicles" (*Barile v Lazzarini*, 222 AD2d at 636; *see Mandel v Benn*, 67 AD3d 746, 748 [2009]; *Roberts v Hall*, 248 AD2d 845, 846 [1998]). Thus, "[a] rear-end collision with a stopped vehicle establishes a prima facie case of negligence against the operator of the moving vehicle, and imposes a duty on that operator to provide a nonnegligent explanation for the collision" (*Blasso v Parente*, 79 AD3d 923, 925 [2010]; *see Johnson v First Student, Inc.*, 54 AD3d 492, 492-493 [2008]; *Pampris v Egnasher*, 20 AD3d 746, 746 [2005]).

Here, the record establishes that Bonse was fully stopped in the northbound lane of Wilbur Avenue at the time of the rear-end collision. As Appollonia was required to see that which, by the proper operation of his senses, was there to be seen (*see Cortes v Whelan*, 83 AD3d 763, 764 [2011]; *National Interstate v A.J. Murphy Co., Inc.*, 9 AD3d 714, 715-716 [2004]), defendants satisfied their initial burden on their motion for summary judgment, thereby imposing upon plaintiffs the obligation to come forward with a nonnegligent explanation for the accident. This they failed to do.

Although a sudden or abrupt stop by the lead vehicle may provide a nonnegligent explanation for the ensuing collision (*see Johnson v First Student, Inc.*, 54 AD3d at 493; *Forget v Smith*, 39 AD3d 1127, 1127-1128 [2007]), plaintiffs do not contend that Bonse came to a sudden stop; indeed, Appollonia acknowledges that the Bonse vehicle was fully stopped when he came upon it and that it did not move prior to the collision. Further, under the particular facts of this case, neither Bonse's alleged failure to use his directional signal nor the reason why he was stopped in the road in the first instance provides a nonnegligent explanation for Appollonia's demonstrated failure to maintain control of his motorcycle. By his own account, Appollonia, who was familiar with both the road and the intersection in question,

"panicked" when he came out of the "S" curve and saw the Bonse vehicle stopped in the road and "didn't know what to do" or how to respond once his braking action caused the bike to wobble, slide and act "squirrelly." Although Appollonia attempted to regain control of his bike and veer around Bonse's vehicle, events "happened so fast" that he was unable to avoid the collision. Such testimony, in our view, amply demonstrates that Appollonia failed to operate his motorcycle with reasonable care and, inasmuch as plaintiffs failed to provide a nonnegligent explanation for the resulting collision, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint (*see e.g. Cortes v Whelan*, 83 AD3d at 764; *Nichols v Turner*, 6 AD3d 1009, 1012-1013 [2004]; *Barile v Lazzarini*, 222 AD2d at 637).

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.