Degachi v Faridi (2023 NY Slip Op 01887)

Degachi v Faridi

2023 NY Slip Op 01887

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-07580
 (Index No. 516623/17)

[*1]Mondher Degachi, appellant, 
v
Bakibillah Md Faridi, respondent.

Wade T. Morris, New York, NY, for appellant.
Baker, McEvoy & Moskovits, P.C. (Robert D. Grace, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated September 17, 2020. The order, insofar as appealed from, denied the plaintiff's cross-motion for summary judgment determining that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident that occurred on December 13, 2016. As relevant to this appeal, the plaintiff cross-moved for summary judgment determining that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. He contended that he had sustained a serious injury to his right shoulder under the fracture category of that statute. The Supreme Court denied the plaintiff's cross-motion. The plaintiff appeals from so much of the order as denied his cross-motion.
Although the plaintiff's bill of particulars alleges a serious injury under several categories of Insurance Law § 5102(d), including, inter alia, a fracture, the plaintiff failed to establish, prima facie, that he sustained a serious injury based on an alleged fracture to his right shoulder. A plaintiff moving for summary judgment on the issue of serious injury must establish, prima facie, that he or she sustained a serious injury within the meaning of Insurance Law § 5102(d) and "that the [serious] injury was causally related to the accident" (Kapeleris v Riordan, 89 AD3d 903, 904; see Elshaarawy v U-Haul Co. of Miss., 72 AD3d 878, 881). Here, a triable issue of fact exists as to whether the alleged fracture to the plaintiff's right shoulder was proximately caused by the motor vehicle accident (see Oliver v New York City Tr. Auth., 96 AD3d 1028, 1030; Alexander v Gordon, 95 AD3d 1245, 1247; Diliberto v Barberich, 94 AD3d 803, 804; Woods v Johnson, 44 AD3d 1201, 1203; Dabbs v Kelly, 245 AD2d 482). In support of his cross-motion, the plaintiff proffered, among other things, a magnetic resonance imaging report of his right shoulder dated February 14, 2017, that noted "mild acromioclavicular joint arthrosis," "tendinosis," and a "small traction cyst," and found that the "rotator cuff interval [wa]s normal," and "without evidence of fracture." The plaintiff also relied upon an affirmation by his orthopedic surgeon dated March 26, [*2]2020, who averred that during arthroscopic surgery of the plaintiff's right shoulder on May 31, 2017, "0.5 mm of bone was removed off the anterior and inferior edge of the acromion as well as removing the CA ligament, which was also creating impingement," and that "a fracture to [the] [p]laintiff's shoulder [was created] when part of the bone was removed." The question of whether the alleged fracture to the plaintiff's right shoulder was causally related to the subject accident cannot be resolved on this record as a matter of law (see Woods v Johnson, 44 AD3d at 1203). Since the plaintiff failed to satisfy his prima facie burden, the Supreme Court properly denied his cross-motion without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the plaintiff's cross-motion for summary judgment determining that he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court